UNITED STATES of America,
Plaintiff–Appellee,

v.

Timothy Curtis BALLARD,
Defendant–Appellant.

No. 92–7031.

United States Court of Appeals,
Eleventh Circuit.

Nov. 15, 1993.

David A. Simon, Bay Minette, AL, for defendant-appellant.

J.B. Sessions, III, U.S. Atty., Maria F. Stieber, Kristi D. Lee, Asst. U.S. Attys., Mobile, AL, for plaintiff-appellee.

Before BIRCH, DUBINA and BLACK, Circuit Judges.

BIRCH, Circuit Judge:

This case presents the first impression issue for our circuit of whether a district court is authorized to make a federal sentence consecutive to a state sentence not yet imposed for pending state charges. On the facts of this case, the district court determined that it could impose such a sentence. We AFFIRM.

## I. BACKGROUND

Defendant-appellant Timothy Curtis Ballard was incarcerated in the Mobile County Metro Jail awaiting a state trial on first-degree armed robbery charges. From jail, he wrote and mailed a letter dated May 11, 1992, to then President George Bush. The letter stated: "Dear Mr. President, I am going to kill you, I am going to send you a pipe bomb. Love, Timothy Ballard." PSR–3. Secret Service agents, who interviewed Ballard, showed him a copy of the threat letter, which he identified. When the agents asked him what he would do if he saw the President, Ballard replied, "I will kill him. I'll get him." *Id.* at 4.

Ballard was indicted for depositing in the United States Mail a letter containing a threat on the life of the President of the United States, in violation of 18 U.S.C. § 871. He initially entered a plea of not guilty. Apparently, because of previous psychiatric evaluations and drug abuse, the government moved for a psychiatric examination for Ballard to determine his competency at the time of the charged offense and for the purpose of his standing trial. Ballard's counsel opposed this motion as a delaying tactic so that Ballard would have his state trial first and announced that Ballard desired to plead guilty to the federal charge:

2. While the state court may run a criminal sentence concurrent with a federal criminal sentence, the federal courts will not run a federal sentence concurrent with a state sentence. The Defendant desires at this time to plead guilty as charged to his federal indictment. This will allow the state court, if the Defendant is later convicted of the state offense, to run the Defendant's sentence there concurrent with the federal conviction. The Government would like to prevent this. The Government feels that it is inevitable that the Defendant will be convicted of the state charge and that he merely wants to be serving federal time, rather than time in a state prison.

3. If the Government's motion is granted, it is much more likely that the Defendant's case pending in the state court will come to trial before the offense which is pending against him in this Court. The Defendant's state court trial is now set in October, 1992, and the Defendant will have the opportunity, unless the motion is granted, to plead guilty before this date to the currently pending federal charge.

R1–13–1–2 (Defendant's Motion Opposing Psychiatric Examination).

On August 12, 1992, Ballard entered a guilty plea. The presentence investigation report (PSR) described Ballard's motivation for writing the letter threatening the life of the President:

During an interview with the Secret Service Agents and later during an interview with the probation officer, Ballard readily admitted his involvement in this offense. The defendant explained that he submitted the letter to the White House threatening to take the life of the President because he wanted to be incarcerated in a federal institution. Ballard stated that he had previously gotten into a fight with several prisoners at the Mobile County Metro Jail and the prisoners threatened to kill him if he is incarcerated in an Alabama prison with them. The defendant stated that he believes he will die if he is sentenced to state prison. Because of same, he researched how to commit a federal crime, in hopes of being sentenced to a federal institution.

PSR–4. Neither the defense nor the government objected to the PSR.

The district court entered a sentencing order on October 22, 1992. In pertinent part, the order disclosed the particular concerns of the court in considering an appropriate sentence:

The Court is confronted with the issue of what sentence is appropriate for a defendant who, while awaiting trial in state court, commits a federal offense—threat-

ening the President—in order to be sent to federal prison instead of state prison. The seriousness of the crime is not diminished by the defendant's attempt to manipulate the system; the Secret Service takes all threats against the President seriously. Nonetheless, *this case is unique in that a standard punishment would not serve the ends of punishment, deterrence and incapacitation.* Indeed, *the defendant committed the offense hoping to gain a benefit: if he is sentenced to federal prison before he is sentenced in state court, he could hope to have the state judge run his sentence concurrent with the federal sentence already imposed, thereby allowing him to serve part of his state sentence in the federal penitentiary.*

Although the defendant runs the risk that the state circuit judge will impose a consecutive sentence, this risk is apparently insufficient to deter persons like the defendant. Thus, *this Court must fashion a sentence that is within the law, but is appropriate for the crime.* Although the defendant has not yet been convicted in state court—he is in custody awaiting trial—*the Court finds that his federal sentence should be consecutive to any he should receive in state court. Th[at] is, any sentence he receives from this Court shall not begin until he is released from state custody. A concurrent sentence would not serve as a deterrent or punishment, but as an incentive.*

. . . .

[T]he instant offense was committed after the alleged state offense, thereby putting the defendant on notice that he would have to be released by the state before he could serve time on the federal offense. Although the imposition of a consecutive sentence in this case will prevent the state court from imposing a concurrent sentence, *the defendant has no right to avoid*

*additional punishment for this unrelated federal offense.[1]*

. . . .

In this case, *a sentence run consecutive to any sentence received by the defendant in state court would: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense,* 18 U.S.C. § 3553(a)(1)(A), *and afford adequate deterrence to criminal conduct,* 18 U.S.C. § 3553(a)(1)(B). Any lesser sentence would not serve the objectives of sentencing.

. . . .

The defendant's term of federal imprisonment shall not begin until he is released from custody by the state, nor shall he be entitled to any credit toward his federal sentence for the time served in state custody.

---

[1] The state court will be aware of the federal sentence and can fashion its sentence accordingly, if it so chooses.

R1–20–1–3 (emphasis added).

At sentencing, the district judge permitted defense counsel to make objections to his sentencing order and to address the authority of the court to impose a sentence consecutive to any prospective state sentence that Ballard might receive.[1] Ballard's attorney argued that the consecutive federal sentence violated Ballard's due process rights because he was presumed innocent until proven guilty of the state charge,[2] and that the court was "making this consecutive to a state sentence that has not been imposed as to a charge that is still pending" and for which a trial date had not been set. R2–7. For the reasons stated in his sentencing order, the district judge sentenced Ballard to twenty-one months of imprisonment to be served consecutively to any state sentence received on the pending state robbery charge.[3] Ballard ap-

---

1. At oral argument, appellant's counsel advised that the use of a weapon in conjunction with a robbery in Alabama required a ten-year mandatory minimum sentence.

2. Although Ballard does not pursue on appeal his sentencing argument that his federal sentence will affect his presumption of innocence in his

state trial, it is meritless. The state jurors will be unaware of his federal sentence.

3. The district judge reviewed the PSR with counsel who agreed with the findings and conclusions. Ballard's criminal history score of three resulted in a Sentencing Guidelines imprisonment range of fifteen to twenty-one months. The district judge explained that he would impose the

peals his sentence, contending that the district court violated the principle of dual sovereignty by preventing the state court from making his state sentence concurrent with his federal sentence.

## II. DISCUSSION

■ "The imposition of consecutive rather than concurrent sentences is ... an issue of law subject to plenary review." *United States v. Perez*, 956 F.2d 1098, 1101 (11th Cir.1992) (per curiam). "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). The court's discretion in determining whether a consecutive or concurrent sentence is appropriate is tempered by the statutory requirement that the sentencing court consider the factors listed in 18 U.S.C. § 3553(a).[4]  18 U.S.C. § 3584(b); *United States v. Harris*, 990 F.2d 594, 597 (11th

Cir.1993); *United States v. Fossett*, 881 F.2d 976, 980 (11th Cir.1989). Those factors include the nature of the offense and the Sentencing Guidelines in effect on the date that the defendant was sentenced. 18 U.S.C. § 3553(a)(1) & (4).

The applicable Sentencing Guidelines do not address Ballard's exact situation, or that of a federal defendant being sentenced while in state custody and awaiting trial and potential sentencing on a state charge.[5] The most analogous guideline concerns sentencing a defendant subject to an undischarged imprisonment term: "If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment." U.S.S.G. § 5G1.3(a).

---

highest imprisonment sentence because Ballard committed his federal offense while he was in custody and had shown no remorse. As expressed in his sentencing order, the judge noted that, under the Sentencing Guidelines dictates, the high sentence was appropriate to address the seriousness of the offense under the sentencing objectives of punishment, deterrence and incapacitation. Additionally, Ballard was sentenced to three years of supervised release with the special conditions that he must participate in a substance abuse program as well as a psychiatric program determined by the United States Probation Office, and he was ordered to pay a $50 special assessment.

4. Section 3553(a) provides:
The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
 (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
 (2) the need for the sentence imposed—
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 (B) to afford adequate deterrence to criminal conduct;
 (C) to protect the public from further crimes of the defendant; and
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
 (3) the kinds of sentences available;
 (4) the kinds of sentence and the sentencing range established for the applicable category

of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(1) and that are in effect on the date the defendant is sentenced;
 (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;
 (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
 (7) the need to provide restitution to any victims of the offense.
18 U.S.C. § 3553(a).

5. Had the Sentencing Guidelines explicitly addressed Ballard's situation by dictating that the sentence should be either consecutive or concurrent, we have recognized that the sentencing judge still has discretion under section 3584(a) to give either sentence appropriate for the defendant, provided that the judge follows the procedures for departing from the Sentencing Guidelines. *Harris*, 990 F.2d at 597; *Fossett*, 881 F.2d at 980; *United States v. Scroggins*, 880 F.2d 1204, 1214 n. 23 (11th Cir.1989), *cert. denied*, 494 U.S. 1083, 110 S.Ct. 1816, 108 L.Ed.2d 946 (1990); *see* U.S.S.G. § 5K1.1 *et seq.* (Departures); *see also Perez*, 956 F.2d at 1103 (Although U.S.S.G. § 5G1.2 generally requires that counts involving substantially the same harm under section 3D1.2 result in concurrent sentences, we affirmed consecutive sentences for two counts involving respectively burglary and theft because the sentencing court "followed the procedures for departing from the Sentencing Guidelines.").

(1991). The Sentencing Guidelines take a dim view of crimes committed while in custody for another offense and direct a separate sentence to punish the additional crime. This section also includes a catchall provision: "In any other case, the sentence for the instant offense shall be imposed to run consecutively to the prior unexpired term of imprisonment to the extent necessary *to achieve a reasonable incremental punishment for the instant offense.*" U.S.S.G. § 5G1.3(c) (emphasis added).

■ The statute and the analogous Sentencing Guidelines evince a preference for consecutive sentences when imprisonment terms are imposed at different times. "[I]t is well established that consecutive sentences are legal." *United States v. Buide–Gomez,* 744 F.2d 781, 784 (11th Cir.1984), *cert. denied,* 470 U.S. 1059, 105 S.Ct. 1774, 84 L.Ed.2d 833 (1985). Further, we have held that a federal court is authorized to impose a federal sentence consecutive to a state sentence. *United States v. Adair,* 826 F.2d 1040, 1041 (11th Cir.1987) (per curiam).[6]

We also reviewed a challenge to a two-year sentence for escape, which occurred while the convicted defendant was imprisoned for a concurrent ten-year federal sentence for post office burglary and an aggregate thirty-nine-year state sentence for robbery and assault with intent to commit robbery. *Harding v. United States,* 851 F.2d 1305 (11th Cir.1988) (per curiam). Following his apprehension, the defendant pled guilty and was sentenced to two years "not to run concurrently with any sentence heretofore imposed."[7] *Id.* at 1306. Reaffirming *Adair* as precedent authorizing a federal sentence to be imposed consecutively to a state sentence, we found that the district court clearly intended that

the defendant's punishment for the federal escape crime was to be separate and beyond that for the previous state and federal crimes:

> When [the defendant] was sentenced, the district court was aware that he was serving a state sentence which was longer than the federal sentence he was also serving. When the district court ordered that the escape sentence be served consecutively to "any sentence heretofore imposed," it manifested its intent that defendant serve jail time for the crime of escape beyond that previously imposed by either state or federal courts. *It had the authority to do that.*

*Id.* at 1307 (emphasis added).

Similarly, the district judge in this case clearly explained in his sentencing order that he wanted Ballard to serve separate time as punishment for his federal crime of threatening the life of the President apart from his potential state sentence for the unrelated crime of armed robbery. Because the Sentencing Guidelines do not address specifically Ballard's situation, the district court did not depart in giving a consecutive federal sentence. Although section 3584(a) empowers, even encourages, district judges to give a consecutive sentence as a sentence necessarily imposed at a different time from a state sentence, the sentencing judge nevertheless explicated his reasons for so doing and advised that he had considered the factors enumerated in section 3553(a).[8] *Cf. United States v. D'Iguillont,* 979 F.2d 612, 615 (7th Cir.1992) (The decision that a federal sentence run consecutive to a state sentence pursuant to section 3584(a) "is not one that requires reasons to be stated on the rec-

---

**6.** We are disappointed that neither appellant's counsel nor the government cited *Adair,* which provides the seminal guiding precedent in this circuit for the resolution of this appeal.

**7.** The convicted defendant was serving his concurrent federal-state sentence in a state prison by designation of the federal court, when he was sentenced for the federal crime of escape. *Harding,* 851 F.2d at 1307.

**8.** As we have discussed, the most analogous Sentencing Guidelines recommend a consecutive sentence. Like the Sentencing Guidelines, the Alabama statute does not address Ballard's precise situation because it presumes multiple *state convictions* and does not consider *state sentences*

relative to a *federal sentencing court:* "When a *convict* is sentenced to imprisonment in the penitentiary on two or more *convictions,* unless it is specifically ordered in the judgment entry that such sentences be served concurrently, such sentences shall be *cumlative and shall be served* consecutively." Ala.Code § 14–3–38 (1982) (emphasis added). While under this statute, consecutive sentences are preferred, " '[t]he question of whether a sentence for conviction of a crime is to be consecutive or concurrent is within the sound discretion of the trial judge.' " *McLemore v. State,* 562 So.2d 639, 650 (Ala.Crim.App.1989) (quoting *Clift v. State,* 352 So.2d 838 (Ala.1977), *cert. denied,* 435 U.S. 909, 98 S.Ct. 1459, 55 L.Ed.2d 500 (1978)).

ord."), *cert. denied,* —— U.S. ——, 113 S.Ct. 1873, 123 L.Ed.2d 492 (1993). The sentencing order shows that the district court honored the statutory directives of section 3553(a), such as considering the nature of the federal crime as well as the appropriate deterrent punishment, and followed analogous Sentencing Guidelines policies in formulating Ballard's federal sentence.

■ Our analysis is not complete, however, with the determination that the district court had the authority to impose a federal sentence consecutively to a state sentence. While section 3584(a) and (b) provides guidance, neither the statute nor its legislative history addresses precisely the question before us: Does the district court have the authority to impose a federal sentence consecutive to an *unrelated, unimposed state* sentence on *pending* charges? This appeal is distinctive, both within our circuit and nationwide. First, it is distinguished from other cases concerning a federal sentence running consecutively to a state sentence in our circuit because, while Ballard was in state custody when he committed his federal offense, he had not yet been tried or sentenced by the state court. Second, our review indicates that Ballard's appeal is distinctive nationally inasmuch as he deliberately and admittedly committed his federal offense with the intention of being sentenced first by the federal court so that his prospective state sentence would be served concurrently in federal prison, thereby avoiding state incarceration.

As Ballard has contended on appeal, our first concern involves principles of dual sovereignty regarding a federal sentence ordered to run consecutively to an unimposed state sentence on pending charges. All of the cases that we have discussed from our circuit involved state sentences that had been imposed *prior* to the federal sentence. Reviewing former Fifth Circuit precedent, we noted in *Harding* that "a district court in this Circuit did have authority to impose a federal sentence consecutive to an *existing* state sentence." 851 F.2d at 1307 (emphasis added); *see Pinaud v. James,* 851 F.2d 27, 30 (2d Cir.1988) ("[T]he federal district court has the undoubted power to impose a federal

sentence that is not to commence until service of an *existing* state sentence for an unrelated offense has been completed." (emphasis added)); *. see also United States v. Hardesty,* 958 F.2d 910, 912–13 (9th Cir. 1992) (citing cases from nine circuits holding that federal courts are authorized to impose consecutive sentences to *existing* state sentences), *cert. denied,* —— U.S. ——, 113 S.Ct. 1429, 122 L.Ed.2d 797 (1993).

■ In *Adair,* the district judge sentenced the defendant to a two-year term of imprisonment followed by a six-year special parole term to "be served consecutively to a five-year sentence for a state conviction, *which the state court had specifically made concurrent with the federal sentence.*" 826 F.2d at 1041 (emphasis added). We explained that " '[a] person who has violated the criminal statutes of both Federal and State Governments may not complain of the order in which he is tried or punished for such offenses.' " *Id.* (quoting *Causey . v. ` Civiletti,* 621 F.2d 691, 694 (5th Cir.1980)); *see United States v. Wheeler,* 435 U.S. 313, 316–17, 98 S.Ct. 1079, 1082, 55 L.Ed.2d 303. (1978) (It is "well [ ] established" that a defendant may be prosecuted and sentenced by federal and state governments if his conduct violates the laws of each sovereign.). We also have determined that a federal prisoner could not be granted credit on his federal sentence for prior time served on a state sentence, although the state plea agreement provided that the state and federal sentences were to be concurrent. *Meagher v. Clark,* 943 F.2d 1277 (11th Cir.1991). We concluded that "[t]he principle of dual sovereignty, together with the importance of the independent federal powers to sentence, to calculate prison time and to make parole decisions in federal cases, requires that this court deny the requested federal credit." *Id.* at 1284. Therefore, under dual sovereignty, we have determined that a defendant may be prosecuted and sentenced by both federal and state governments if his criminal conduct violates the laws of each sovereign.

After *Adair,* another panel of this court decided *Hawley v. United States,* 898 F.2d 1513 (11th Cir.1990) (per curiam). In *Hawley,* the federal court gave the defendant an eight-year sentence to be served consecutively to a five-year state sentence that the defendant was then serving. Rather than reciting the state sentence definitively, as was the case in *Adair,* the panel observed that

the state court *"apparently intended* that its sentence run concurrently with the sentence to be imposed for the instant federal offense." *Id.* at 1514 (emphasis added). The panel rejected the sole appellate argument that the federal sentence was unlawful because it denied the state the right to impose a concurrent sentence. The court reasoned that "[b]ecause of the division of powers between the federal government and the states under the dual sovereignty principle of our form of government, *a defendant may not, by agreement with state authorities, compel the federal government to impose a sentence that is concurrent with an existing state sentence." Id.* (emphasis added). The panel concluded that "the district court was not bound by the state court's intentions and was free to use its own discretion in applying federal law to determine the conditions of the appellant's federal sentence." *Id.*

Although *Hawley* did not cite *Adair,* involving a state court's attempt to implicate a future federal sentence, or indeed any case from our circuit, the panel arrived at the same result as *Adair,* albeit for different reasons. *Hawley* is distinguishable on both factual and legal grounds. Factually, the *Hawley* defendant in conjunction with state authorities entered into an agreement providing that the state court give him a sentence compelling the federal court to impose a sentence concurrent with the state sentence. From the panel's primary supporting citation from the Second Circuit, *United States v. Sackinger,* 704 F.2d 29, 32 (2d Cir.1983), it is apparent that it was this attempt by the defendant to determine not only his state sentence, but also his federal sentence, that offended the court. Under dual sovereignty, we have held that a federal sentencing court is not bound by a state plea bargain unless the federal government implicated itself directly or indirectly in the state plea bargaining process. *Meagher,* 943 F.2d at 1282; *see Pinaud,* 851 F.2d at 30 (When "federal officials are not parties" to the plea agreement entered into by the defendant and state authorities, the federal court is not obligated to comply with the terms of such an agreement.).

Ballard has not entered into the future state sentencing process and cannot do so. If convicted by the state, then he faces a mandatory minimum ten-year sentence. Ballard's attempt to contrive his federal sentence, as we discuss subsequently, is a much more egregious manipulation of the two sentencing sovereigns than is the *Hawley* defendant's involving himself in a sentencing agreement with state authorities.

As *secondary* support for its holding, the *Hawley* court cites *United States v. Eastman,* 758 F.2d 1315 (9th Cir.1985), a case which pre-dates the Sentencing Guidelines, for the proposition that a federal court cannot impose a sentence consecutive to a future state sentence because that would prevent the state court from creating its own sentence. Since *Eastman* does not involve the facts of *Hawley,* it is *dicta* and not binding precedent, despite its citation by the *Hawley* panel. *See New Port Largo, Inc. v. Monroe County,* 985 F.2d 1488, 1500 (11th Cir.1993) (Edmondson, J., concurring) ("[T]here should be a presumption that judges mean to do no more than to decide the case before them.... for law-of-the-circuit purposes."). Moreover, *Adair,* which traces former Fifth Circuit precedent to conclude that a defendant cannot complain on appeal about the order of imposition of sentences by the dual sovereigns when he has broken federal and state law, provides the applicable and compelling precedent for this case. "Ninth Circuit cases are not precedent and do not establish the law in this Circuit." [9] *Harding,* 851 F.2d at 1306.

**9.** On appeal, the parties have cited cases from the Ninth and Fifth Circuits, the two circuits that have addressed the authority of a federal court to impose a sentence consecutive to a state sentence not yet imposed. *United States v. Clayton,* 927 F.2d 491 (9th Cir.1991); *United States v. Brown,* 920 F.2d 1212 (5th Cir.) (per curiam), *cert. denied,* — U.S. ——, 111 S.Ct. 2034, 114 L.Ed.2d 119 (1991). These cases are not binding upon us, and they are distinguishable. Relying predominantly on its *Eastman* precedent that we have distinguished, the Ninth Circuit held that a

district court is not authorized to direct that a federal sentence be served consecutively to a state sentence not yet imposed. *Clayton,* 927 F.2d at 493. In *Clayton,* however, the district court ordered that its sentence be served consecutively to an anticipated state sentence. Three days later, a state court ordered that its sentence be served concurrently with the prior federal sentence. Thus, the sentences from the two sovereigns were contradictory. Because the federal sentence in this case is consecutive to the anticipated state sentence and because the state judge

■ Ballard argues on appeal that *Hawley* precludes the state court from constricting the sentencing discretion of the federal court and that this case presents the opposite scenario, or the federal court's impinging on the state court's ability to fashion its sentence. This argument is unavailing. As we have explained, the *Hawley* panel was troubled by the intrusion of *the defendant* into the state sentencing process to not only affect his state sentence, but also his future federal sentence, thereby encroaching on the discretion of the federal sentencing court. *Adair* permits a federal court to ignore a state sentence explicitly requiring that the federal sentence be concurrent with the state sentence. *See Pinaud*, 851 F.2d at 30 ("[E]ven if the state sentence has been imposed with the expectation that it will be served concurrently with a yet-to-be imposed federal sentence, the federal court need not make its sentence concurrent with the state sentence but remains free to make the federal sentence consecutive."); *accord United States v. Smith*, 972 F.2d 243, 244 (8th Cir.1992) (per curiam), *cert. denied*, —— U.S. ——, 113 S.Ct. 1326, 122 L.Ed.2d 711 (1993). If we have authorized the district court to disregard a state sentence that attempts to bind the federal sentencing court, then clearly the district court need not concern itself about a state sentence not yet imposed, from a dual sovereignty perspective. Moreover, the facts of this case evidence no logical reason that the state sentencing court would be constrained by the federal sentence.

We are convinced that there is no danger that the state court will be hindered whatsoever in its sentencing in this case. Foremost, the district judge asserts within the sentencing order that the state court will be notified of the federal sentence so that the sentences will not be conflicting. Thus, Ballard's hypothetical concern that the state court might impose a sentence consecutive to the federal sentence is unfounded.

Additionally, if convicted on the state charge, then Ballard will be sentenced to a mandatory minimum sentence of ten years. Because this is the greater sentence as to length of term, the state actually is being accommodated by the federal court in allowing this sentence to be served first for the crime committed first against the sovereign that currently has custody of Ballard. In contrast, the federal sentence could be served concurrently with the state sentence, but the length of the state mandatory minimum, ten-year sentence precludes that sentence being served concurrently with the federal twenty-one-month sentence and the federal sentence having any effect, or *Ballard's actually serving separate federal time.* Thus, the decision as to concurrency of sentences in this case is for the federal court to render. If the state court ordered the state sentence to be concurrent with the federal sentence, then the federal sentence would be negated. Contrary to Ballard's argument that the federal consecutive sentence impaired the state court's sentencing ability to impose a concurrent sentence, *a concurrent sentence by the state court would encroach on the federal court's sentencing authority* by, in effect, eliminating the federal sentence.[10]

■ Which court sentences first is irrelevant. The tenet for dual sovereignty purposes is that each sovereign must respect not only the sentencing authority of the other, but also the sentence. The district court in this case carefully explained its reasons for

will be aware of the federal sentence and of Ballard's attempt to coordinate his sentences, the factual situations are very different. There is no indication that the state court sentence will be contradictory or frustrated in this case.

Although the Fifth Circuit in *Brown* reached the same conclusion that we do in Ballard's appeal, that a federal sentencing court may consider and sentence consecutively to an anticipated state sentence because punishment by two sovereigns is involved, the facts are dissimilar. In *Brown*, the federal and state crimes were related and the federal court structured its sentence to punish the defendant's dangerous recidivism. Additionally, the factor of the defendant's

attempt to manipulate the federal and state sentences to suit his desires was absent. Accordingly, we find that these cases from the Ninth and Fifth Circuits are distinguishable and do not apply directly to Ballard's appeal.

**10.** We also note that Ballard already has imposed upon the state criminal justice system. In opposing the government's motion that Ballard be evaluated psychiatrically, his attorney mentioned that Ballard's trial, while not scheduled for a date certain, was set for the October, 1992 trial term. Ballard's committing a federal crime, which was accelerated procedurally because of his plea despite his state custody, necessarily caused his state trial to be postponed.

wanting Ballard to serve a *separate sentence* as punishment for his *federal crime.* In accordance with *Adair,* each sovereign is entitled to have the defendant serve its respective sentence, and the defendant cannot choose the order of those sentences. The consecutive sentence imposed by the federal court in this case preserves that prerogative for both sovereigns, while a prospective concurrent sentence would not.

There also is no possibility that Ballard's exaggerated speculations will materialize. He claims that he will be in "legal limbo" concerning his terms of imprisonment or that he will "die an old man" in custody while waiting to see which sentence will be imposed first. Appellant's Brief at 17. The federal sentence is not ambiguous or indefinite. The district judge specified that Ballard's federal imprisonment term would commence *when he was released from state custody.* If he is convicted on the state charge, then he will serve his ten-year, mandatory *minimum* sentence to be followed by his twenty-one-month federal sentence. Should Ballard be acquitted on the state charge, he will serve his federal sentence immediately upon his release from state custody. Therefore, he already knows the term or terms that he will serve. Ballard has no right to know the exact date that his federal sentence will begin, provided that the sentence is sufficiently clear and definite. *Buide–Gomez,* 744 F.2d at 783.

When apprised of Ballard's attempt to manipulate the sentencing discretion of both the federal and state courts, we are confident that the state court will be as persuaded as are we that, to fulfill the punishment and deterrence purposes of incarceration, he must serve completely each term of imprisonment. Dual sovereignty, manifested in the sentencing authority and sentence of each sovereign, will be respected. Therefore, Ballard's contention that the prospective sentencing ability of the state court has been infringed by the imposition of a consecutive federal sentence is meritless.

■ Finally, this case is unique among the circuits in that we are convinced that Ballard's conduct was a blatant attempt to manipulate the federal and state sentencing courts. By committing a federal crime and in pleading guilty prior to the setting of a specific trial date for his state charge, Ballard was attempting to coordinate his federal and state sentences so that they would be served concurrently in federal prison. Clearly, his concern was not primarily the length of his sentences, but the *location* of the penal institution where he would be serving his respective sentences. By his own action of committing a federal crime while in state custody awaiting trial on state charges, Ballard has placed himself in his alleged sentencing predicament. Ballard, not the federal court which was abundantly aware of his maneuvering, was responsible for attempting to fashion his state court sentence.

Ballard cannot dictate the terms of his incarceration to either sovereign. Under his present federal sentence, he will not. By his federal crime, expedited guilty plea, and this appeal, Ballard attempted to control both the federal and state sentencing courts and to craft his own sentence of imprisonment. On the facts of this case, we hold that the district court was authorized to impose a federal sentence consecutive to an unimposed state sentence on pending charges, the federal sentence to commence upon release from state custody.

### III. CONCLUSION

Ballard appealed his federal imprisonment sentence imposed consecutively to his state sentence, which he had not received because he was in state custody awaiting trial on state charges when he committed his federal crime. He contends that the federal sentence impinged upon the state's sentencing authority. Our review of this record and the law satisfies us that Ballard's federal sentence does not interfere with the state's sentencing authority in this case. We are convinced that Ballard was attempting to manipulate both the federal and state sentencing processes. The district court devised a sentence that properly deters such devious conduct. The district court's sentence is AFFIRMED.