[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 25, 2003
THOMAS  K. KAHN
CLERK**

No. 02-16671
Non-Argument Calendar

D.C. Docket No. 02-00072-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PHILLIP WAYNE MCDANIEL, JR.,

Defendant-Appellant.

Appeal from the United States District Court for the
Southern District of Alabama

**(July 25, 2003)**

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Phillip Wayne McDaniel, Jr., appeals his 33 month sentence for possession of

a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  On appeal,

McDaniel argues that the district court erred by ruling that it did not have the authority to order McDaniel's sentence to run concurrently with an unimposed sentence on pending state charges. McDaniel maintains that if, at the time of his federal sentencing, he had already been sentenced in state court, his federal sentence would fall under the provisions of U.S.S.G. § 5G1.3 (b) or (c), which would mandate or at least allow for concurrent sentencing. He states that the language of 18 U.S.C. § 3584, which governs the imposition of multiple sentences, indicates that a district court may order terms of imprisonment imposed at different times to run concurrently. He further contends that this Court's decision in United States v. Ballard, 6 F.3d 1502 (11th Cir. 1993), "specifically noted that both [18 U.S.C. § 3584] and the [G]uidelines were silent . . . on this situation" and that Ballard "directed that the lower courts consider the policy of § 5G1.3 as if the state sentence had been imposed and then consider the factors of 18 U.S.C. § 3553 in order to determine if a consecutive or concurrent sentence is warranted."

The issue presented, whether a district court is authorized to make a federal sentence concurrent to a state sentence not yet imposed for pending state charges, is one of first impression. It raises a pure question of law that we review de novo. See United States v. Barbour, 70 F.3d 580, 586 (11th Cir. 1995) (articulating that pure questions of law are subject to de novo review).

2

Upon careful review of the record and our precedent, and upon consideration of the parties' briefs, we find reversible error. Our opinion in <u>United States v. Andrews</u>, 330 F.3d 1305 (11th Cir. 2003), clarifies that under <u>United States v. Ballard</u>, 6 F.3d 1502 (11th Cir. 1993), a district court does have the authority to make a federal sentence concurrent to a state sentence not yet imposed for pending state charges, ("<u>Ballard</u> clearly concludes that a district court need not concern itself with whether a state sentence has already been imposed when determining whether to make the federal sentence consecutive or concurrent with the state sentence." <u>Id.</u> (citing <u>Ballard</u>, 6 F.3d at 1504-10)). Because the district court mistakenly believed it lacked the authority to impose a concurrent sentence, we vacate McDaniel's sentence and remand for resentencing.

**VACATED AND REMANDED.**