[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-12952
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 6, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00008-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD DEES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 6, 2005)

Before BIRCH, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Ronald Dees appeals his ninety-four-month sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1). We affirm.

## I.

Dees first contends that the district court erred by concluding that it lacked authority to make his federal sentence run concurrently with his then-impending state sentence. A district court has authority to impose a sentence concurrent with a future state sentence, and its failure to recognize that authority is reversible error. United States v. McDaniel, 338 F.3d 1287, 1288 (11th Cir. 2003) (per curiam). Dees contends that the district court's comment at sentencing—that it was "of the belief that you can't run a sentence concurrent with a sentence that doesn't exist"—reveals it misunderstood its authority and, therefore, erred.

We will assume, without deciding, that Dees' contention that the district court improperly failed to recognize its authority is correct, because any error by the district court was harmless anyway. First, the error itself did not affect Dees' ultimate sentence because, even had the district court recognized (and exercised) its authority to make Dees' sentence concurrent to the impending state sentence, the state court would have been free to ignore that order and impose a consecutive sentence. See United States v. Andrews, 330 F.3d 1305, 1307–08 n.1 (11th Cir. 2003) ("We fully recognize that the Supremacy Clause does not permit federal

courts to control how a state court sentences a defendant.") Second, when the state court eventually sentenced Dees, it ran his state sentence concurrent with his federal sentence. See Appx. to Appellee's Br. Thus, because any error by the district court did not affect Dees' substantial rights, remand on that error is not warranted. Fed. R. Crim. P. 52(a); Williams v. United States, 503 U.S. 193, 203, 112 S. Ct. 1112, 1120–21 (1992).

## II.

Next, Dees contends that he is entitled to resentencing under Blakely v. Washington, 524 U.S. __, 124 S. Ct. 2531 (2004), because the district court enhanced his sentence based on facts neither admitted by him nor found by a jury.[1] Because Dees raised this constitutional objection for the first time on appeal, we review it for plain error. United States v. Cotton, 535 U.S. 625, 631–32, 122 S. Ct. 1781, 1785 (2002). Under plain error review, "before an appellate court can correct an error not raised at trial there must be (1) error, (2) that is plain, and (3) that affects substantial rights." Id. at 631, 122 U.S. at 1785 (quotation and internal marks omitted).

Under our recent decision in United States v. Rodriguez, __ F.3d __, No. 04-

---

[1] After Dees filed his brief in this case, the Supreme Court applied the holding of Blakely to the federal sentencing guidelines in United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005).

3

12676 (11th Cir. Feb. 4, 2005), Dees has not shown that his sentence would have been different under the new Booker advisory regime. Therefore, Dees again cannot show that his substantial rights were affected.

**III.**

Finally, Dees argues that our precedent on the issue of whether "coincidental possession" of a firearm during the commission of another felony is sufficient to support the four-level enhancement under U.S.S.G. § 2K2.1(b)(5) is wrong because it is contrary to the language of the guidelines (and the holding of ten other circuits). Although he recognizes that we cannot overrule a prior panel decision, he raises the issue to preserve it for appeal to the Supreme Court.

Dees correctly acknowledges that the prior precedent rule would prevent us from accepting his argument, were we to reach it. See United States v. Hogan, 986 F.2d 1364, 1369 (11th Cir. 1993) ("[I]t is the firmly established rule of this Circuit that each succeeding panel is bound by the holding of the first panel to address an issue of law, unless and until that holding is overruled en banc or by the Supreme Court."). His challenge, however, is foreclosed for a more preliminary reason. Dees' argument regarding § 2K2.1(b)(5) is misplaced because he did not actually receive the four-level enhancement under that sentencing provision. Instead, Dees' total adjusted offense level was based on a cross-reference found at §

4

2K2.1(c)(1)(A), which required the judge to sentence him based on § 2D1.1, a completely separate guidelines provision with its own offense-specific enhancements. Because Dees was found with between five and twenty grams of cocaine base, he was given a base offense level of 26 under § 2D1.1(c)(7). Then, a two-level (not four-level) enhancement was added under § 2D1.1(b)(1) for possessing a dangerous weapon. Thus, this Court's precedent interpreting § 2K2.1(b)(5) did not affect Dees' sentence. Dees does not argue in his brief that the nearly identical language in § 2K2.1(c)(1), the cross-reference that enhanced his sentence, should be interpreted the same way he argues that language should be interpreted under § 2K2.1(b)(5).[2]

**AFFIRMED.**

---

[2] The cross-reference applies if a defendant possesses a firearm "in connection with" another offense, § 2K2.1(c)(1), while the four-level enhancement under § 2K2.1(b)(5) requires that the firearm be possessed "in connection with" a felony.