[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**June 16, 2005**
**THOMAS  K. KAHN**
**CLERK**

No. 04-15859
Non-Argument Calendar
_____

D.C. Docket No. 02-60096-CR-WPD

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

        versus

IMRAN MANDHAI,

                                                    Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

**(June 16, 2005)**

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

        Irman Mandhai appeals his sentence imposed on remand for conspiracy to

destroy property affecting interstate commerce, in violation of 18 U.S.C. section

844(n). Mandhai argues that the district court erred under United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005), when it treated the sentencing guidelines as mandatory. We agree, vacate Mandhai's sentence, and remand for a second resentencing. Mandhai also argues that the district court erred when it considered hearsay evidence at the sentencing hearing. We disagree and affirm as to this issue.

As to the Booker error, Mandhai argues that the district court committed statutory error when it considered the guidelines as mandatory in sentencing. Because Mandhai made this objection to the district court, this Court reviews for harmless error. See United States v. Mathenia, __ F.3d __, No. 04-15250, slip op. at *5 (11th Cir. May 23, 2005). A statutory error is harmless "if, viewing the proceedings in their entirety, . . . the error did not affect the sentence, or had but a very slight effect." Id. at *5-6. The government concedes that the district court committed statutory error when it applied the guidelines in a mandatory fashion and concedes that it cannot establish that the error was harmless.

As to the hearsay issue, Mandhai argues that, in the light of Booker, this Court must expand Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004), to prohibit the district court from consideration of hearsay evidence at sentencing. We apply a de novo standard of review, and conclude that the district court did not

err when it considered hearsay evidence in sentencing.  See United States v.

McDaniel, 338 F.3d 1287, 1288 (11th Cir. 2003).

As Mandhai admits, this Court has repeatedly concluded that "reliable

hearsay can be considered during sentencing."  United States v. Zlatogur, 271 F.3d

1025, 1031 (11th Cir. 2001); see also United States v. Wilson, 183 F.3d 1291,

1301 (11th Cir. 1999); United States v. Castellanos, 904 F.2d 1490, 1495 (11th

Cir. 1990).  The district court may rely on such evidence "as long as the evidence

has sufficient indicia of reliability, the court makes explicit findings of fact as to

credibility, and the defendant has an opportunity to rebut the evidence."  United

States v. Anderson, 136 F.3d 747, 751 (11th Cir. 1998).  Reliability can be

inferred where the evidence falls into a hearsay exception; "[o]therwise there must

be a showing of particularized guarantees of trustworthiness."  United States v.

Reme, 738 F.2d 1156, 1168 (11th Cir. 1984).

Mandhai contends, however, that "the rule of Crawford," that earlier

testimonial statements may be admitted at trial only if the declarant is unavailable

and the defendant had an opportunity to confront the declarant, must be extended

"when read in [the] light of the re-vitalized and expansive Sixth Amendment right

to trial which was the basis for Blakely . . . and Booker, as applicable to

sentencing after a plea."  We disagree.  Crawford addressed the admissibility of

testimonial hearsay at trial, not the consideration of hearsay by the court at sentencing. Under our clear precedent that reliable hearsay can be considered during sentencing, we refuse to extend Crawford to sentencing without a clear directive from the Supreme Court.

We **AFFIRM** the use of hearsay evidence by the district court at the sentencing hearing, but **VACATE** Mandhai's sentence and **REMAND** for resentencing because of the statutory error under Booker.