[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 12, 2011
JOHN LEY
CLERK

Nos. 11-10367; 11-10389
Non-Argument Calendar
_____

D.C. Docket No. 4:10-cr-10026-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNESTO GRIMON,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(September 12, 2011)

Before EDMONDSON, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Ernesto Grimon appeals his 33-month sentence, imposed after he pleaded guilty to conspiring to possess oxycodone with intent to distribute, in violation of 21 U.S.C. § 846, and counterfeiting, in violation of 18 U.S.C. § 471. On appeal, Grimon argues that the district court misunderstood its authority to order that his federal sentence run concurrently with his undischarged state sentences.[1]

The imposition of a consecutive, rather than concurrent, sentence is an issue of law subject to plenary review. *United States v. Ballard*, 6 F.3d 1502, 1505 (11th Cir. 1993). A district court may order that a federal sentence run concurrently with an undischarged state sentence. *See United States v. Fuentes*, 107 F.3d 1515, 1519 n.6 (11th Cir. 1997); *see also* 18 U.S.C. § 3584(a); U.S.S.G. § 5G1.3(c). Ordinarily, the district court's misapprehension of its legal authority to impose a particular sentence is reversible error. *See United States v. McDaniel*, 338 F.3d 1287, 1288 (11th Cir. 2003) (per curiam). But we will not vacate a sentence where the district court explains that it would have imposed the same sentence had it fully understood its legal authority. *See United States v. Dulcio*, 441 F.3d 1269, 1277 (11th Cir. 2006) (per curiam) (district court's imposition of

---

[1] Grimon also argues that his sentence is procedurally and substantively unreasonable. Because we agree that the district court misunderstood its authority to impose a concurrent sentence and that its error was not harmless, we do not reach Grimon's reasonableness arguments.

sentence under mandatory Guidelines scheme was harmless error where it provided alternative reasoning for its sentence).

Our review of a transcript of the sentencing hearing reflects that the district court was unsure about its authority to order that Grimon's federal sentence run concurrently with his undischarged state sentences. After questioning its authority to do so, the district court indicated that it would not necessarily impose a concurrent sentence even if it had the authority, and it later indicated that a concurrent sentence may not have been appropriate in light of Grimon's criminal history. The district judge also expressed some doubt about whether a concurrent sentence would be carried out by the Bureau of Prisons. We find these statements to be equivocal and ambiguous, and thus do not clearly indicate that the district court would have imposed the same sentence had it been fully aware of its authority to do so. Consequently, the district court's misapprehension was not harmless error, and we vacate Grimon's sentence and remand for resentencing.

**VACATED AND REMANDED.**