[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10469
Non-Argument Calendar
_____

D.C. Docket No. 9:13-cr-80044-KAM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARQUIS VONTERRE JONES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 2, 2014)

Before WILSON, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Marquis Vonterre Jones appeals the district court's imposition of his total 70-month sentence following his conviction on 4 counts of bank robbery, in violation of 18 U.S.C. § 2113(a).  On appeal, Jones argues that his sentence is unreasonable because the district court failed to give proper consideration to the factors in 18 U.S.C. § 3553(a) when electing to run 52 months of his sentence concurrent to his then-anticipated state court sentence on unrelated charges, with the remaining 18 months to be served consecutively.[1]  Jones contends that the sentence was much higher than necessary to comply with the purposes of the sentencing, and that a number of the § 3553(a) factors support a more concurrent sentence with his state court sentence.

We review the reasonableness of a sentence under an abuse of discretion standard.  *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).  In reviewing sentences for reasonableness, we determine first whether the district court committed any "significant procedural error," and second whether the sentence was "substantively reasonable under the totality of the circumstances." *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010).  The party challenging the sentence has the burden of establishing that the sentence is unreasonable.  *Id.*

A district court is not required "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a)

---

[1] Jones since was sentenced in state court to 12 years' imprisonment.

2

factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). An acknowledgment that the court considered the defendant's arguments and the § 3553(a) factors is adequate. *Id.* at 1330. Additionally, the weight given to each factor is "a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (citation omitted).

Federal law prefers consecutive sentencing when imprisonment terms are imposed at different times. *United States v. Ballard*, 6 F.3d 1502, 1506 (11th Cir. 1993); *see also* 18 U.S.C. § 3584(a) (providing that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently"). However, district courts generally have the discretion to decide whether or not a sentence will run concurrently or consecutively to other state sentences that are anticipated but not yet imposed. *Setser v. United States*, 566 U.S. ___, ___, 132 S.Ct. 1463, 1468, 182 L.Ed.2d 455 (2012); *see* U.S.S.G. § 5G1.3, comment. (backg'd) (2013) (providing that sentencing courts have discretion to run a federal sentence concurrently or consecutively to anticipated state sentences, but only after considering the § 3553(a) factors, any applicable guidelines, and any relevant policy statements by the U.S. Sentencing Commission). The district courts have discretion to impose a federal sentence consecutive to an unrelated state sentence not yet imposed for pending state charges. *Ballard*, 6 F.3d at 1510; *see also United States v. Andrews*,

3

330 F.3d 1305, 1306-07 (11th Cir. 2003) (reaffirming *Ballard*'s holding that the district court has the authority to impose a consecutive sentence to an unimposed future state sentence).  Likewise, a district court is authorized to make a federal sentence concurrent to a state sentence not yet imposed for pending state charges.  *United States v. McDaniel*, 338 F.3d 1287, 1288 (11th Cir. 2003).  This discretion is predicated, however, on the court's consideration of the factors set forth in § 3553(a).  18 U.S.C. § 3584(b); U.S.S.G. § 5G1.3, comment. (backg'd) (2013).

Upon review of the record and after consideration of the parties' briefs, we affirm.

The imposition of Jones's sentence was reasonable.  The district court properly considered the § 3553(a) factors, and did not abuse its discretion by giving significant weight to the aggravating factors, in electing not to run Jones's sentence fully concurrent to his state sentence.  It was within the district court's discretion to decide how much of his federal sentence should be imposed partially consecutive to his then-anticipated state court sentence, and the sentence met the goals encompassed within § 3553(a).

**AFFIRMED.**