[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15589
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-20153-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YUBANI MILLARES-VERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 16, 2014)

Before TJOFLAT, HILL, and ANDERSON, Circuit Judges.

PER CURIAM:

Yubani Millares-Vera appeals his 33-month sentence, imposed after he

pleaded guilty to conspiracy to receive and possess stolen goods, in violation of 18 U.S.C. § 371. On appeal, Millares-Vera challenges the procedural reasonableness of his sentence, arguing that the district court did not adequately explain its decision to impose his sentence to run consecutive to his undischarged federal sentence. Upon review of the record and consideration of the parties' briefs, we affirm.

We review the imposition of a consecutive sentence for abuse of discretion, and the resulting sentence must be reasonable. *United States v. Covington*, 565 F.3d 1336, 1346-47 (11th Cir. 2009). Moreover, the party challenging the sentence bears the burden of establishing its unreasonableness. *Id.* at 1347.

When a sentence is imposed on a defendant who is already subject to an undischarged term of imprisonment, the district court may elect to run the terms concurrently or consecutively. 18 U.S.C. § 3584(a); *see also* U.S.S.G. § 5G1.3(c) (providing that when imposing a sentence on a defendant subject to an undischarged sentence, the sentence for the instant offense may run concurrently, partially concurrently, or consecutively to the prior sentence). Terms imposed at different times run consecutively unless the court orders them to run concurrently. 18 U.S.C. § 3584(a). Regardless of how the court determines to run the terms, it must make the decision in consideration of the factors set forth in 18 U.S.C. § 3553(a). *Id.* § 3584(b). We have recognized that § 3584 and § 5G1.3 evince a

2

preference for consecutive terms of imprisonment when the sentences are imposed at different times. *United States v. Ballard*, 6 F.3d 1502, 1506 (11th Cir. 1993).

A sentence is procedurally unreasonable if the district court failed to consider the § 3553(a) factors or adequately explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). The district court should articulate enough to demonstrate that it "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). The district court is generally not required to explicitly discuss each of the § 3553(a) factors—its consideration of the defendant's arguments at sentencing and statement that it took the factors into account is sufficient. *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009). Furthermore, we may look at context and the record to determine the district court's reasoning in imposing a sentence. *Rita*, 551 U.S. at 359, 127 S.Ct. at 2469.

The district court did not abuse its discretion in rendering its decision to impose Millares-Vera's sentence to run consecutive to his undischarged federal sentence, as it indicated that it had considered the § 3553(a) factors, the parties' arguments, and the presentence investigation report in making its decision. *See Sanchez*, 586 F.3d at 936. Although the district court did not explicitly cite Millares-Vera's history of fleeing with charges pending against him and

3

committing similar offenses upon fleeing, the record makes clear that this was a significant factor in its decision, as the government cited this factor alone in its argument in favor of a consecutive sentence, and the court repeatedly expressed its concern about this factor throughout the sentencing hearing. *See Rita*, 551 U.S. at 359, 127 S.Ct. at 2469. Because these considerations are relevant to the § 3553(a) factors, such as the history and characteristics of the defendant and the need to promote respect for the law, deter criminal conduct, and protect the public from the defendant's future criminal conduct, the district court satisfied § 3584(b)'s requirement that it consider the § 3553(a) factors in deciding whether to impose a consecutive or concurrent sentence. *See* 18 U.S.C. § 3553(a)(1), (a)(2).

**AFFIRMED.**