[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10476
Non-Argument Calendar

_____

D.C. Docket No. 7:14-cr-00019-HL-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BONNY LEE LEWIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 15, 2015)

Before TJOFLAT, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

After pleading guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), Bonny Lee Lewis was sentenced to serve 60 months of imprisonment. At the time of his sentencing, at least one criminal case was pending against him in Georgia state court. The district court ordered Lewis's sentence to run "consecutively to any other sentence that may be imposed in Colquitt County, Georgia Superior Court and any pending case." On appeal, Lewis argues that the district court abused its discretion by ordering his sentence to run consecutively because the court allegedly failed to consider the factors under United States Sentencing Guidelines Manual ("U.S.S.G.") § 5G1.3(d), failed to state its reasons for the sentence with particularity, and otherwise imposed an unreasonable sentence that is "too harsh." After careful review, we affirm Lewis's sentence.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51, 128 S. Ct. 586, 591, 597 (2007). We likewise review a district court's imposition of a consecutive sentence for an abuse of discretion.[1] *United States v. Covington*, 565 F.3d 1336, 1346 (11th Cir. 2009). The party challenging the sentence bears the burden of

---

[1] The government contends that plain-error review applies because Lewis did not object to the consecutive nature of his sentence at sentencing. *United States v. Shelton*, 400 F.3d 1325, 1328 (11th Cir. 2005). Under either standard, Lewis is not entitled to relief.

showing that his sentence is unreasonable.  *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010).

Federal district courts generally "have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings."  *Setser v. United States*, 132 S. Ct. 1463, 1468 (2012); *see* 18 U.S.C. § 3584(a).  This discretionary authority extends to situations where, as here, "a federal judge anticipates a state sentence that has not yet been imposed."  *Setser*, 132 S. Ct. at 1468; *United States v. McDaniel*, 338 F.3d 1287, 1288 (11th Cir. 2003) ("[A] district court does have the authority to make a federal sentence concurrent to a state sentence not yet imposed for pending state charges[.]"); *United States v. Andrews*, 330 F.3d 1305, 1307 (11th Cir. 2003) ("[A] court does have the authority to impose a consecutive sentence to an unimposed, future sentence.").  We have recognized that § 3584(a) and the Sentencing Guidelines "evince a preference for consecutive sentence when imprisonment terms are imposed at different times."  *United States v. Ballard*, 6 F.3d 1502, 1506 (11th Cir. 1993); *see* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").

In exercising its discretion under § 3584(a), the district court must consider the factors listed in 18 U.S.C. § 3553(a).[2]  18 U.S.C. § 3584(b); *Ballard*, 6 F.3d at 1505 ("The court's discretion in determining whether a consecutive or concurrent sentence is appropriate is tempered by the statutory requirement that the sentencing court consider the factors listed in 18 U.S.C. § 3553(a).").  The § 3553(a) factors include the Sentencing Guidelines in effect when the defendant was sentenced. *Ballard*, 6 F.3d at 1505; *see* 18 U.S.C. § 3553(a)(4)–(5).  The district court need not discuss each factor individually, but must acknowledge consideration of the defendant's arguments and the 18 U.S.C. § 3553(a) factors as a whole.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Section 5G1.3 of the Sentencing Guidelines Manual governs the imposition of a sentence on a defendant subject to an undischarged term of imprisonment or an anticipated state term of imprisonment.  U.S.S.G. § 5G1.3.  As relevant here, the guideline provides that the sentence "may be imposed to run concurrently, partially concurrently, or consecutively" to the undischarged or anticipated sentence "to achieve a reasonable punishment for the instant offense."  U.S.S.G.

---

[2] The § 3553(a) factors include the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  18 U.S.C. § 3553(a)(2).  The district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  18 U.S.C. § 3553(a)(1),(3)–(7).

§ 5G1.3(d) (policy statement).  The application note to § 5G1.3(d) lists factors the court may consider "[i]n order to achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity," including "the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a))," and "any other circumstance relevant to the determination of an appropriate sentence for the instant offense."  U.S.S.G. § 5G1.3 cmt. n.4(A).[3]

Here, the district court did not abuse its discretion by ordering Lewis's 60-month sentence to run consecutively to his anticipated sentences on pending charges in state court.[4]  *See Andrews*, 330 F.3d at 1307.  The record reflects that the court adequately considered the § 3553(a) factors when deciding to run Lewis's federal sentence consecutively.  The court determined that a consecutive sentence was appropriate, considering the nature and circumstances of the offense, Lewis's history and characteristics, and the need to promote respect for the law.  *See* 18 U.S.C. § 3553(a)(1) & (a)(2)(A).  In particular, the court cited Lewis's multiple felony convictions related to theft of firearms, some of which did not result in the assessment of criminal-history points.  The focus on these offenses was warranted,

---

[3] Other factors not directly implicated by an anticipated state sentence are also listed, including the type or length of the prior undischarged sentence, as well as the time served on the undischarged sentence and the time likely to be served before release.  U.S.S.G. § 5G1.3 cmt. n.4(A).

[4] Lewis does not argue that the sentence—imposed to run consecutively to "any pending case"—is impermissibly indefinite and uncertain.  *See, e.g.*, *United States v. Williams*, 46 F.3d 57, 58-59 (10th Cir. 1995) (concluding that a similar sentence was sufficiently definite and certain).

given that the instant offense involved Lewis's possession of a stolen firearm. Although the court did not go into specific details about the § 3553(a) factors it found relevant, the district court's statement that it considered all the factors under § 3553(a) and made an individualized assessment was sufficient.  *See Gonzalez*, 550 F.3d at 1324.   Viewing the court's action against the backdrop of the "preference for consecutive sentence when imprisonment terms are imposed at different times," *Ballard*, 6 F.3d at 1506, the district court did not abuse its discretion by ordering Lewis's sentence to run consecutively.

Lewis contends that the court failed to discuss the factors under U.S.S.G. § 5G1.3(d) at sentencing, but he has not identified what relevant factor the court did not discuss.  To be sure, the court did not reference § 5G1.3, but the court adequately considered the § 3553(a) factors, U.S.S.G. § 5G1.3(d) cmt. n.4(A)(i), and Lewis has not put forth "any other circumstance relevant to the determination of an appropriate sentence" that the court failed to consider, *id.* cmt. n.4(A)(v).

Because the court adequately considered the § 3553(a) factors, the only limitation on the court's running of Lewis's sentence consecutively is that "the resulting total sentence must be reasonable."  *Covington*, 565 F.3d at 1347.  Apart from the conclusory statement that the sentence is "too harsh" due to its consecutive nature, Lewis does not explain why his sentence is unreasonable.  Nor can we say based on the totality of the circumstances that the court abused its

discretion by imposing a substantively unreasonable sentence. Consequently, Lewis has not met his burden of showing that his sentence is unreasonable, and we affirm his sentence.

**AFFIRMED.**