[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10604
Non-Argument Calendar

_____

D.C. Docket No. 3:14-cr-00021-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY BAUGHMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(February 8, 2016)

Before JORDAN, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

Timothy Baughman appeals his 70-month sentence, imposed after he pled guilty to one count of possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii).  Baughman was sentenced at the bottom of the guideline range, but the district court ordered that the sentence run consecutive to two state sentences Baughman is presently serving.  On appeal, Baughman argues that the district court committed both procedural and substantive error by inadequately explaining its decision to impose a consecutive sentence, treating the Sentencing Guidelines as mandatory, and giving insufficient weight to mitigation evidence presented at sentencing.  After review,[1] we affirm.

The district court did not abuse its discretion in imposing a consecutive sentence, and the record does not demonstrate that the district court committed either procedural or substantive error during sentencing.  The district court adequately explained its decision to impose a consecutive sentence, stating among other things that Baughman was responsible for "a considerable amount of drugs" and that "there is just way too much crime going on."  *See United States v. Ellisor*, 522 F.3d 1255, 1278 (11th Cir. 2008) (holding that the district court need not "recite a laundry list" of factors to demonstrate the reasonableness of its sentence).

---

[1] We review the reasonableness of a sentence under the deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  We look "first at whether the district court committed any significant procedural error and then at whether the sentence is substantively reasonable under the totality of the circumstances."  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  The party challenging the sentence bears the burden of showing it is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.  *Id.*

The record does not indicate that the district court thought the Sentencing Guidelines were mandatory or that they obligated the district court to impose a consecutive sentence.  The district court stated that the guidelines were advisory and used the word "need" to describe a moral rather than legal imperative.

Finally, Baughman's 70-month, consecutive sentence is substantively reasonable in light of the record and the § 3553(a) factors.  *See Setser v. United States*, 132 S.Ct. 1463, 1468 (2012) ("Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings."); *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, but we will remand for resentencing if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.") (quotations omitted); *United States v. Ballard*, 6 F.3d 1502, 1506 (11th Cir. 1993) (The Sentencing Guidelines and 18 U.S.C. § 3584 "evince a preference for consecutive sentences when imprisonment terms are imposed at different times.").

**AFFIRMED.**

3