[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 25, 2003
THOMAS  K. KAHN
CLERK

_____

No. 02-16043
Non-Argument Calendar

_____

D.C. Docket No. 01-0016-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN ANDREWS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Florida

_____

(April 25, 2003)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

While on supervised release as part of his prior federal drug sentence,

Defendant John Andrews continued to engaged in criminal activity. Consequently, Andrews' supervised release was revoked and he was sentenced to 24 months. The sole issue on appeal is whether the district court had the authority to impose the 24-month sentence as consecutive to any future sentence imposed as a result of Andrews' underlying criminal conduct. Because this Court has already answered that question in the affirmative, we uphold Andrews' sentence.

## I. BACKGROUND

On January 28, 1991, following his conviction for possessing methamphetamine precursor chemicals, John Andrews was sentenced to 120 months' imprisonment, followed by a 3-year term of supervised release. On November 4, 2000, while on supervised release in the Northern District of Florida, Andrews was arrested in Mississippi in possession of approximately 50 pounds of marijuana. An additional 51 pounds of marijuana and $187,500 were seized from Andrews' north Florida residence and storage unit. This resulted in new federal charges being filed in Mississippi and state charges being filed in Bay County, Florida.

On March 20, 2001, Andrews escaped from the Munroe County, Mississippi, jail after bribing a guard with $5,000. This resulted in an indictment for escape. On February 24, 2002, in Panama City, Florida, Andrews was arrested

2

and charged with possession of a counterfeit driver's license. Andrews entered a plea of <u>nolo</u> <u>contendere</u> to the latter charge and was sentenced to 170 days' time served.

On October 11, 2002, the district court found that Andrews had committed all four alleged violations and revoked his supervised release. The federal drug and escape charges in Mississippi and the state drug charges in Florida, however, were still pending when Andrews' supervised release was revoked.

The district court sentenced Andrews to a 24-month term of imprisonment, stating that Andrews' sentence was to be served,

> consecutively to any other term of imprisonment that the defendant is serving in accordance with guidelines 7B1.3(f) and "consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the violation," as set out in the introductory commentary to part B of Chapter 7 of the guidelines . . . . <u>it is my intent that this sentence that I have imposed be served consecutively to any other sentences that may be imposed for the conduct that led to this revocation</u>.

(Emphasis added).

## II. DISCUSSION

As noted in the briefs, the circuit courts are currently split on the question of whether a sentencing court has the authority to impose a consecutive sentence to an unimposed, future sentence. <u>Compare</u> <u>Romandine v. United States</u>, 206 F.3d

731 (7th Cir. 2000) (district court does not have such authority); United States v.

Quintero, 157 F.3d 1038 (6th Cir. 1998) (same); United States v. Clayton, 927

F.2d 491 (9th Cir. 1991) (same), with United States v. Hernandez, 234 F.3d 252

(5th Cir. 2000) (district courts do have such authority); United States v. Williams,

46 F.3d 57 (10th Cir. 1995) (same); Salley v. United States, 786 F.2d 546 (2d Cir.

1986) (same). Although a circuit split exists, this Court has already determined on

which side of the debate the Eleventh Circuit falls. See United States v. Ballard, 6

F.3d 1502 (11th Cir. 1993) (answering the question: "Does the district court have

the authority to impose a federal sentence consecutive to an *unrelated, unimposed*

*state* sentence on *pending* charges?" Id. at 1507 (emphasis in original)).

In Ballard, the defendant was in the county jail awaiting a state trial on first-

degree armed robbery charges. Id. at 1503. While in jail, Ballard wrote a letter to

the President of the United States in which he threatened to kill the President. Id.

Ballard again affirmed his desire to kill the President when interviewed by the

Secret Service. Id.

Ballard was indicted on federal charges for depositing a letter containing a

threat on the life of the President, in violation of 18 U.S.C. § 871. Ballard pled

guilty and was sentenced to a 21-month term of imprisonment. In so sentencing

Ballard, the federal district court stated that "[t]he defendant's term of federal

4

imprisonment shall not begin until he is released from custody by the state, nor shall he be entitled to any credit toward his federal sentence for the time served in state custody." Id. at 1504. In Ballard, the district court made the defendant's federal sentence consecutive to the defendant's anticipated state sentence even though Ballard had not even been convicted in state court.

In upholding Ballard's sentence, this Court stated, "[i]f we have authorized the district court to disregard a state sentence that attempts to bind the federal sentencing court, then clearly the district court need not concern itself about a state sentence not yet imposed." Id. at 1509. Ballard clearly concludes that a district court need not concern itself with whether a state sentence has already been imposed when determining whether to make the federal sentence consecutive or concurrent with the state sentence. Id. at 1504-10. Although Andrews recognizes Ballard, he requests that we limit Ballard to its unique facts.

There are two questions that must be answered in sentencing cases. The first is whether the district court had the authority to impose the type of sentence it did. The second is whether, while acting within the scope of its authority, the district court committed some type of reversible error. In Ballard, this Court answered both of these questions, stating that the sentencing court had the authority to impose a consecutive sentence to an unimposed, future sentence, and

5

that the court properly exercised that authority.

As to the district court's authority, we cannot ignore <u>Ballard</u>'s clear holding that a court does have the authority to impose a consecutive sentence to an unimposed, future sentence. <u>See</u> <u>Cargill v. Turpin</u>, 120 F.3d 1366, 1386 (11th Cir.1997) ("The law of this circuit is 'emphatic' that only the Supreme Court or this court sitting <u>en banc</u> can judicially overrule a prior panel decision."). As to the appropriateness of a consecutive sentence, Andrews has not shown that the district court abused its discretion in imposing a consecutive sentence in his case. Consequently, Andrews' challenge fails.

### III. CONCLUSION

Based on <u>Ballard</u>, we affirm Andrews' 24-month sentence.

**AFFIRMED**