[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12240

Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 17, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00256-CR-W-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY JAMES SHIVER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(December 17, 2009)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Gregory James Shiver appeals from his 120-month sentence, imposed after a jury found him guilty of possession of child pornography in interstate or foreign commerce, in violation of 18 U.S.C. § 2252A(a)(5)(B). On appeal, Shiver argues

that: (1) the district court abused its discretion, under 18 U.S.C. § 3584(a), by ordering that his sentence run consecutively to any future state sentence imposed; and (2) his sentence is unreasonable. After careful review, we affirm.

The imposition of consecutive sentences, rather than concurrent sentences, is an issue of law subject to plenary review. United States v. Ballard, 6 F.3d 1502, 1505 (11th Cir. 1993). We review the ultimate sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

First, we are unpersuaded that the district court abused its discretion by ordering that his sentence run consecutively to any future state sentence. In Ballard, we spoke on the germane issue of "whether a district court is authorized to make a federal sentence consecutive to a state sentence not yet imposed for pending state charges." 6 F.3d at 1503. Upon review of our precedent and analysis of the principle of dual sovereignty, we concluded that the district court did have such authority. See id. at 1507-10. In United States v. Andrews, 330 F.3d 1305, 1307 (11th Cir. 2003), we reaffirmed "Ballard's clear holding that a court does have the authority to impose a consecutive sentence to an unimposed, future sentence." "Ballard clearly concludes that a district court need not concern

2

itself with whether a state sentence has already been imposed when determining whether to make the federal sentence consecutive or concurrent with the state sentence." Id. (citing Ballard, 6 F.3d at 1504-10). We acknowledged the circuit split on the question of whether a sentencing court has the authority to impose a consecutive sentence to an unimposed, future sentence, and said that we have "already determined on which side of the debate the Eleventh Circuit falls." Id. at 1306-07 (holding that district courts do have the authority to impose consecutive sentences to unimposed, future state sentences).

Notwithstanding Shiver's arguments that our decisions in Andrews and Ballard were wrongly decided, we have rejected the argument that a district court violates § 3584(a) or encroaches on a state court's sentencing authority when it imposes a federal sentence to be served consecutive to an unimposed future sentence. See Ballard, 6 F.3d at 1510; Andrews, 330 F.3d at 1307. Further, our decisions in Ballard and Andrews are binding precedent unless or until our Court sitting en banc or the Supreme Court reverses them. Cargill v. Turpin, 120 F.3d 1366, 1386 (1997). Because neither court has done so, Shiver's claim must fail.

We likewise find no merit to Shiver's claim that his sentence is procedurally and substantively unreasonable. In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we must "'ensure that the

district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1] If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 552 U.S. at 51). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the factors in section 3553(a)." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (quotation and brackets omitted).

"The sentencing guidelines make clear that where a guidelines range falls . . . . below a mandatory minimum sentence, the court must follow the mandatory

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

statutory minimum sentence." <u>United States v. Clark</u>, 274 F.3d 1325, 1328 (11th Cir. 2001); U.S.S.G. § 5G1.1. The only two circumstances under which a court can depart below a statutorily mandatory minimum sentences is when the government files a motion to recognize the defendant's "substantial assistance" in the investigation or prosecution of another person or when the defendant falls within the provisions of the "safety valve" described in 18 U.S.C. § 3553(f). <u>United States v. Simpson</u>, 228 F.3d 1294, 1304 (2000).

In this case, the district court lacked the discretion to sentence Shiver to a sentence any lower than 120 months, the statutorily mandated minimum sentence for his offense. <u>Clark</u>, 274 F.3d at 1328; U.S.S.G. § 5G1.1; 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Neither of the two exceptions detailed in <u>Simpson</u> apply here. <u>Simpson</u>, 228 F.3d at 1304. Because the district court gave Shiver the lowest possible sentence, he cannot show that his sentence was procedurally or substantively unreasonable.

**AFFIRMED.**