[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15354
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00227-CR-2-SLB-RRA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRIC JAVARIS MOORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 16, 2010)

Before DUBINA, Chief Judge, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Cedric Javaris Moore appeals his 115-month sentence, after

pleading guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Moore raises three issues on appeal. First, he argues that the district court erred in applying a two-level enhancement for use of a minor to commit the offense, pursuant to U.S.S.G. § 3B1.4, because the enhancement requires an affirmative act, not mere partnership, on his part to involve a minor in the offense. Second, Moore argues that the district court abused its discretion in running his sentence consecutive with his prior state and federal sentences and any unimposed future sentences, resulting in a substantively unreasonable sentence. Moore's final argument is that the district court should have considered a § 3553(a) downward variance or a downward departure pursuant to U.S.S.G. § 5K2.0(a) because the injuries he sustained after being shot by police are a form of punishment.

## I.

"The Supreme Court and this Court have long recognized that it is not necessary to decide guidelines issues or remand cases for new sentence proceedings where the guidelines error, if any, did not affect the sentence." *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006) (internal quotation marks and alteration omitted). Thus, it is unnecessary for us to decide a disputed guidelines issue when a district court states it "would have reached the same result even if it had decided the guidelines issue the other way," and when "the sentence

imposed through the alternative or fallback reasoning of § 3553(a) [is] reasonable."

*Id.* In determining whether the sentence is reasonable, we "assume that there was a guidelines error – that the guidelines issue should have been decided in the way the defendant argued and the advisory range reduced accordingly – and then ask whether the final sentence resulting from consideration of the § 3553(a) factors would still be reasonable." *Id.*

We review the reasonableness of a district court's sentence under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). The district court is required to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training or medical care. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and

the need to provide restitution to victims. *Id.* at § 3553(a)(1), (3)-(7).

We must examine whether the sentence is reasonable in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). The party challenging the sentence has the burden of establishing that the sentence is unreasonable. *Id.* The district court "has been accorded great discretion in determining how to weigh [the § 3553(a)] factors" and we will not reverse unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191, 1203 (11th Cir. 2008) (internal quotation marks omitted).

Since the district court concluded it would have imposed the same sentence regardless of how it resolved whether to apply the enhancement for using a minor to commit an offense, pursuant to U.S.S.G. § 3B1.4, we need not resolve this guidelines issue. We also conclude that, even if we address the guidelines issue and find error, any error, was harmless because the record and the § 3553(a) factors, including the violent nature of the crime as well as Moore's criminal history and history of violence, support the reasonableness of his sentence.

II.

4

We review a "district court's imposition of a consecutive sentence only for an abuse of discretion." *United States v. Covington*, 565 F.3d 1336, 1346 (11th Cir. 2009), *cert. denied*, 130 S. Ct. 564 (2009). When sentencing a defendant already subject to an undischarged term of imprisonment, a district court has the authority to run the sentence concurrently or consecutively, but "must consider the factors set forth in 18 U.S.C. § 3553(a) in determining whether a consecutive sentence is appropriate." *See United States v. Bradford*, 277 F.3d 1311, 1316 (11th Cir. 2002) (citing 18 U.S.C. § 3584(b)). The court must also consider the type and length of the prior undischarged sentence, the time already served and the time likely to be served on the prior sentence, the court which imposed the prior sentence, and any other relevant circumstances. U.S.S.G. § 5G1.3, comment. (n.3(A)). We have held that 18 U.S.C. § 3584 and "the analogous Sentencing Guidelines evince a preference for consecutive sentences when imprisonment terms are imposed at different times." *United States v. Ballard*, 6 F.3d 1502, 1506 (11th Cir. 1993). District courts also have "the authority to impose a consecutive sentence to an unimposed, future sentence." *United States v. Andrews*, 330 F.3d 1305, 1307 (11th Cir. 2003). "[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Talley*, 431 F.3d at 788.

We conclude that, given the preference for consecutive sentences in this case and the district court's proper consideration of Moore's prior sentences and the § 3553(a) factors, the district court did not abuse its discretion in denying Moore's request for concurrent sentences.

## III.

"We lack jurisdiction to review a district court's decision to deny a downward departure unless the district court incorrectly believed that it lacked authority to grant the departure." *United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006). "[W]hen nothing in the record indicates otherwise, we assume the sentencing court understood it had authority to depart downward." *Id.* (internal quotation marks omitted).

Because there is nothing in the record suggesting the district court incorrectly believed it lacked the authority to grant a downward departure, we presume it understood it had such authority, and we lack jurisdiction to review the district court's denial of the departure. We further conclude that the district court properly considered Moore's injuries together with the factors set forth in § 3553(a) in denying his request for a downward variance. As a result, we affirm Moore's sentence.

**AFFIRMED.**