[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13546
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 11, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:04-cr-00046-KOB-PWG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE MICHAEL CHANDLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 11, 2011)

Before PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Eddie Michael Chandler appeals his sentence of 60 months of imprisonment

imposed following the revocation of his supervised release.  Chandler challenges

the sufficiency of the evidence to support the revocation and the reasonableness of his sentence. We affirm.

Ample evidence supported the decision of the district court to revoke Chandler's supervised release. Officers of the Sheriff's Office of Calhoun County searched Chandler's property after aerial surveillance observed trails for an all-terrain vehicle between Chandler's house and plots of marijuana. The officers discovered 58 marijuana plants in the fields surrounding Chandler's house, including two plots of marijuana that were 60 and 150 yards from the house. Investigator Franklin Allen spoke to Chandler's wife, who said she had suspected Chandler of growing marijuana because he and his brother often were gone for long periods of time after riding into the woods on their all-terrain vehicles. Allen later stopped Chandler and his brother, who was towing behind his Expedition vehicle a trailer containing two all-terrain vehicles, and officers discovered in the vehicles several cans of Miracle Gro and water bottles, a saw, multiple spools of trot-line cord, and two face masks. The brothers had reason to conceal their identity: in 2004, officers arrested Chandler and his brother after they were seen on video surveillance riding their all-terrain vehicles to marijuana plots grown in a national park. Although Chandler testified at his revocation hearing that the supplies were used for growing tomato plants and going fishing, the district court

2

was entitled to discredit Chandler's testimony. See United States v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994). The district court did not abuse its discretion.

Chandler's sentence is procedurally and substantively reasonable. Chandler cultivated 44.3 pounds of marijuana while on supervised release for his conviction for conspiring to manufacture more than 100 marijuana plants, 21 U.S.C. §§ 846, 841(b)(1)(B), and he had, in 1990, been convicted of possessing with intent to distribute ten pounds of marijuana, id. § 841(a)(1). The district court explained that Chandler's guideline range of 24 to 30 months of imprisonment "underrepresent[ed] the seriousness of [Chandler's] history" and an upward variance to the maximum statutory penalty was "needed" to address "his demonstrated lack of total respect for the law and for [members of] the public" who were "prey[ed] on" because of their "weakness with addictions and interest in drugs" and the apparent inadequacy of "the twenty-seven month[] [sentence] previously imposed" for conspiracy. The district court "consider[ed] [the] Section 3553(a) factors and . . . the circumstances of [Chandler's] offense" and reasonably determined that a "long sentence" of 60 months of imprisonment was necessary to punish Chandler, "to promote respect and to deter [him] from" similar future "[mis]conduct, and to protect the public." Those reasons also supported the order that Chandler serve his sentence consecutive to any state sentence imposed for his

3

crimes.  See United States v. Andrews, 330 F.3d 1305, 1307 (11th Cir. 2003).  The district court did not abuse its discretion.

The revocation of Chandler's supervised release and sentence are **AFFIRMED**.