[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11571
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 1, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:08-tp-20148-FAM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES BRYANT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 1, 2012)


Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

James Bryant appeals his sixty-month sentence imposed following the revocation of his supervised release.[1]  On appeal, Bryant argues that his sentence exceeds the applicable statutory maximum.  Bryant also asserts, in the alternative, that his sentence is substantively unreasonable.  After careful review, we affirm.

## I.

Bryant first argues that his sixty-month sentence exceeds the applicable statutory maximum.  According to Bryant, the offense for which he was originally sentenced is a Class C felony, and as a consequence, the maximum term of imprisonment that could be imposed upon the revocation of his supervised release is twenty-four months. The government responds by noting that the defendant invited the district court to impose a sentence beyond twenty-four months.  Indeed, at sentencing, Bryant urged the district court to impose a term of imprisonment between thirty and thirty-seven months.  The government asserts that this invitation of error precludes us from reviewing Bryant's claim.

We need not resolve the question of invited error because Bryant's argument must be rejected on the merits.  Under 18 U.S.C. § 3583, a district may impose a term of imprisonment of up to sixty months if the offense that resulted in the term of supervised release was a Class A felony.  18 U.S.C. § 3583(e)(3).  In

___

[1] The parties have stipulated that James Bryant is also known as Marc Jean.

2

contrast, if the underlying offense was a Class C felony, the maximum term of imprisonment is twenty-four months. Id. Generally speaking, an offense with a maximum term of life imprisonment is a Class A felony. Id. § 3559(a)(1). An offense with a statutory maximum between ten and twenty-five years is a Class C felony. Id. § 3559(a)(3).

Bryant was originally convicted of one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Bryant argues that the maximum penalty for this offense was twenty years. According to Bryant, this is because the indictment did not specify the quantity of cocaine base that he possessed with intent to distribute. Bryant points out that, following the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), we held that "the quantity of drugs must be charged in the indictment and proven to a jury beyond a reasonable doubt if a defendant is to be sentenced under a penalty provision of 21 U.S.C. § 841 . . . that contains a quantity amount." United States v. Gallego, 247 F.3d 1191, 1196–97 (11th Cir. 2001).[2]

---

[2] Under 21 U.S.C. § 841 at it existed at the time of Bryant's original offense, the maximum punishment for an offense involving fifty grams or more of cocaine base was life imprisonment. See 21 U.S.C. § 841(b)(1)(A)(iii) (1994), amended by 21 U.S.C. § 841(b)(1)(A)(iii) (Supp. 2A 2011). The maximum sentence for an offense involving between five grams and fifty grams of cocaine base was forty years imprisonment. Id. § 841(b)(1)(B)(iii), amended by 21 U.S.C. § 841(b)(1)(B)(iii) (Supp. 2A 2011). The maximum sentence for an offense not involving these quantities of cocaine base was twenty years imprisonment. Id. § 841(b)(1)(C).

Bryant's argument neglects the fact that the judgment of conviction in his case was entered on his guilty plea, rather than on a jury verdict.[3] In his plea agreement, Bryant stipulated that his offense involved fifty-seven grams of cocaine base and that as a consequence, the maximum penalty he faced was life imprisonment. The Supreme Court's decision in Apprendi allows a fact that increases the possible maximum penalty not only to be "proved to a jury beyond a reasonable doubt," but also to be "admitted by the defendant." United States v. Booker, 543 U.S. 220, 244, 125 S. Ct. 738, 756 (2005); see also United States v. Steed, 548 F.3d 961, 978–79 (11th Cir. 2008). Because Bryant admitted a fact that supports the classification of his original offense as a Class A felony, the maximum term of imprisonment that could be imposed upon the revocation of his supervised release was sixty months. See 18 U.S.C. § 3583(e)(3). The district court's decision to sentence him to sixty months imprisonment therefore did not exceed the statutory maximum.

---

[3] Bryant's argument also assumes that Apprendi is in some sense "retroactively applicable"—that is, it should be considered in determining the maximum sentence that can be imposed following the revocation of a term of supervised release that was imposed prior to the Supreme Court's decision in Apprendi itself. The government correctly points out that we have rejected the notion that Apprendi is retroactively applicable in other contexts. See Dohrmann v. United States, 442 F.3d 1279, 1282 (11th Cir. 2006) (holding that Apprendi is not reotractively applicable to a claim under 28 U.S.C. § 2241); McCoy v. United States, 266 F.3d 1245, 1247 (11th Cir. 2001) (holding that Apprendi is not retroactively applicable to a claim under 28 U.S.C. § 2255). We need not determine whether Bryant's assumption is correct because even if Apprendi were to apply in this context, the district court's decision is consistent with that case.

4

**II.**

Bryant also argues that his sentence is substantively unreasonable. We review a sentence imposed upon the revocation of supervised release for abuse of discretion. See United States v. Andrews, 330 F.3d 1305, 1307 (11th Cir. 2003). This review "involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in [18 U.S.C.] § 3553(a) support the sentence in question." United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008). Under the abuse of discretion standard, we will vacate a sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted). "We may not—it bears repeating—set aside a sentence merely because we would have decided that another one is more appropriate." Id. at 1191.

In this case, the district court imposed the statutory maximum of sixty months imprisonment based on five violations of the terms of Bryant's supervised release. More specifically, the district court imposed a total of five months imprisonment for 1) Bryant's failure to report to his probation officer every Monday; 2) his failure to notify his probation officer of a change in residence; 3) his failure to answer truthfully questions about his name and immigration status;

5

and 4) his decision to leave a judicial district without the permission of his probation officer. The district court also imposed a consecutive sentence of fifty-five months imprisonment for Bryant's separate failure to refrain from violating the law. This occurred when Bryant was arrested for possessing cocaine with the intent to distribute in violation of Georgia law.

Bryant argues that the fifty-five month sentence imposed with respect to this last violation is unreasonable because the offense for which he was arrested would not ordinarily trigger a sentence of that length. This argument, however, addresses only one factor that the district court was required to consider—"the nature and circumstances of the offense." 18 U.S.C. § 3553(a)(1). In sentencing Bryant, the district court also expressed the view that "society needs to be protected and you have not been rehabilitated." The district court thus gave weight to other Section 3553(a) factors: the need to "afford adequate deterrence to criminal conduct," "protect the public from further crimes of the defendant," and "provide the defendant with . . . correctional treatment." 18 U.S.C. § 3553(a)(2)(B), (C), (D).

Bryant does not otherwise explain how the need for deterrence and the importance of rehabilitation were so outweighed by the purported minor nature of his offense such that the district court committed a "clear error of judgment" in

weighing those factors. Irey, 612 F.3d at 1190. And on this record, we cannot say that there was clear error. During allocution, Bryant asked the district court several times to give him "one more chance" to "be a better man." The district court's conclusion that, despite these statements, there is a significant risk of recidivism and a compelling need for rehabilitation is not ours to overturn.

Bryant also argues that the district court did not give adequate weight to his "family ties and responsibilities to his children." Again, we cannot say that the district court committed a "clear error of judgment." Id. During allocution, Bryant told the district court that he has two children, but he also said that he did not spend much time with them in part because their mother did not want them to visit him. Because the record does not show that Bryant developed significant and meaningful ties to his family, we again cannot say that the district court clearly erred in concluding that the need for deterrence and rehabilitation outweighed Bryant's interest in maintaining ties to his family.

We reiterate that whether we would have imposed the same sentence is irrelevant. Id. at 1991. The key question is whether the record in this case leaves us with the "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors." Id. at 1190 (quotation marks omitted). Because the answer to this question is no, Bryan's sentence must be

7

affirmed.

**AFFIRMED.**