[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15440
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cr-14063-KMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM FRANK SIMMONS, JR.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 2, 2012)

Before HULL, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty to failure to surrender for service of a sentence, in

violation of 18 U.S.C. § 1346(a)(2), William Simmons, Jr. appeals his 21-month sentence. On appeal, Simmons argues that his 21-month federal sentence is substantively unreasonable because the district court imposed it consecutively to his state sentence. After review, we affirm.

## I.  BACKGROUND FACTS

### A.  Prior 2010 Fraud Conspiracy Sentence

In 2010, in federal court, Simmons was convicted of conspiracy to commit wire, mail and bank fraud and was sentenced to 21 months' in prison. On June 14, 2010, Simmons failed to report to the U.S. Marshal's Office to begin serving his 21-month sentence. As a result, a warrant was issued for Simmons's arrest.

### B.  Failure-to-Surrender Charge

On June 24, 2010, a grand jury charged Simmons with the instant offense of failure to surrender. On July 22, 2010, the district court transferred the new criminal case to the clerk's fugitive file until Simmons was apprehended.

### C.  State Conviction and Sentence

On October 21, 2010, Simmons was arrested on a Florida state charge of failing to return a leased vehicle. Simmons was convicted of that state offense on July 21, 2011. Because Simmons was a habitual felony offender under Florida law, the state court imposed an eight-year sentence. On August 12, 2011,

2

Simmons was still serving this eight-year state sentence when he was arrested on the instant federal failure-to-surrender charge.

## C.    Federal Plea and Sentencing

On September 7, 2011, Simmons pled guilty in federal court to the failure-to-surrender charge. The Presentence Investigation Report ("PSI") calculated his total adjusted offense level as 9. The PSI scored 27 criminal history points based on Simmons's extensive criminal history. In addition to his state conviction for failing to return a leased vehicle and his federal conviction for conspiracy to commit wire, mail and bank fraud, Simmons's criminal history included numerous theft-related convictions (such as grand theft, robbery, burglary, forging checks and petit theft), trespass, battery and possession of marijuana.

Simmons's criminal history category of VI and total offense level of 9 yielded an advisory guidelines range of 21 to 27 months' imprisonment. Simmons's statutory maximum sentence was ten years. See 18 U.S.C. § 3146(b)(1)(A)(i). Simmons initially made one objection to the PSI's criminal history score, but withdrew the objection after the PSI was revised.

At sentencing, Simmons requested a 21-month sentence, at the low end of advisory guidelines range of 21 to 27 months, for his failure-to-surrender conviction. In mitigation, Simmons noted his: (1) history of mental health issues,

3

including a commitment under the Baker Act at age 17, a major depressive disorder and a prescription for Zoloft; (2) fifteen-year history of drug addiction, as well as mental illness, which explained in part his extensive criminal history; (3) need to care for his wife and two young children; and (4) lack of new criminal conduct while out of prison.  Simmons also addressed the district court and explained that he did not surrender for his federal fraud conspiracy sentence back in 2010 because he needed more time to make sure his family was "straight" and then turned himself in.

Simmons' counsel acknowledged that 18 U.S.C. § 1346(b)(2) required the district court to run his new federal sentence consecutive to his other, 21-month federal sentence for fraud conspiracy, but asked the district court to exercise its discretion under U.S.S.G. § 5G1.3 and run the new sentence concurrent to his undischarged eight-year state sentence.  The district court inquired into the reason for the lengthy state sentence, and defense counsel suggested the sentence was because of Simmons' extensive criminal record and habitual offender status.  The district court then reviewed the undisputed factual allegations in the Presentence Investigation Report ("PSI") relating to the state offense.[1]

[1]According to the PSI, Simmons rented a vehicle on September 9, 2009 and then failed to return it to the rental agency on September 16, 2009.  Despite attempts to contact Simmons, he never returned the vehicle, which was found abandoned on October 13, 2009. The vehicle was

The district court sentenced Simmons to 21 months' imprisonment, at the low end of the advisory range, to be served consecutive to both the eight-year state sentence and the 21-month federal sentence (on his fraud conspiracy conviction). The district court stated that it had "considered the statements of all parties, the presentence report which contains the advisory guidelines and the statutory factors." Simmons filed this appeal.

## II.  DISCUSSION

We review the reasonableness of a sentence under a deferential abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). We first consider whether the district court committed any significant procedural error and then whether the sentence is substantively unreasonable under the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances.[2]  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). The abuse of discretion standard "allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment."  United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc), cert. denied, ___ U.S. ___,

valued at approximately $20,000, and rental fees totaled $1,786.13.  Simmons was arrested for the state charge on January 22, 2010, while already incarcerated in the St. Lucie County Jail, and then again on October 21, 2010, after he failed to appear in court on the state charge.

[2]Simmons does not raise any procedural sentencing error.

5

131 S. Ct. 1813 (2011) (internal quotation marks omitted).  We ordinarily expect a sentence within the guidelines range to be reasonable.  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  The party challenging the sentence bears the burden of proving the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.  Id.[3]

The parties agree that 18 U.S.C. § 3146(b)(2) required the district court to run Simmons's new 21-month sentence consecutive to his old 21-month sentence for the underlying federal fraud conspiracy offense.  See 18 U.S.C. § 3146(b)(2) ("A term of imprisonment imposed under this section shall be consecutive to the sentence of imprisonment for any other offense.").  Thus, the only issue on appeal is whether the district court's decision to impose Simmons's 21-month federal sentence consecutive to his eight-year state sentence rendered that 21-month sentence substantively unreasonable.[4]

---

[3]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

[4]The government contends that Simmons's federal sentence is reasonable because § 3146(b)(2)'s plain language required the district court to run Simmons's 21-month federal sentence consecutive to his eight-year state sentence.  We need not resolve this question because Simmons's 21-month consecutive sentence to his state sentence is reasonable whether it was

"[A] federal court is authorized to impose a federal sentence consecutive to a state sentence." United States v. Ballard, 6 F.3d 1502, 1506 (11th Cir. 1993) (concluding that the district court could do so even if the state court sentence had not yet been imposed). Our review as to "the appropriateness of a consecutive sentence," is for an abuse of discretion. United States v. Andrews, 330 F.3d 1305, 1307 (11th Cir. 2003); see also United States v. Covington, 565 F.3d 1336, 1346 (11th Cir. 2009).

Under 18 U.S.C. § 3584, "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment," the district court has the discretion to run the prison term "concurrently or consecutively." 18 U.S.C. § 3584(a). Also, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Id. In deciding whether to impose a concurrent or consecutive term, § 3584 requires the district court to "consider, as to each offense for which a term of imprisonment is being imposed," the § 3553(a) factors. Id. § 3584(b).

In addition, "Section 5G1.3 is the relevant Guidelines provision in determining whether to impose a consecutive sentence on a defendant subject to

_____

mandatory or discretionary.

7

an undischarged term of imprisonment." United States v. Bradford, 277 F.3d

1311, 1317 (11th Cir. 2002).  Section 5G1.3 states:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
>
> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
>> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>>
>> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.
>
> (c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3.[5]

The commentary to § 5G1.3(c) explains that the district court should try "to achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity" by considering the § 3553(a) factors, the length of the undischarged sentence, the time already served and likely to be served on the undischarged sentence, "the fact that the prior undischarged sentence may have been imposed in state court," and any other circumstances relevant to determining an appropriate sentence. U.S.S.G. § 5G1.3, cmt. n.3(A). Both 18 U.S.C. § 3584 and U.S.S.G. § 5G1.3 "evince a preference for consecutive sentences when imprisonment terms are imposed at different times." Ballard, 6 F.3d at 1506.

Here, Simmons has not shown that his 21-month sentence, run consecutive to his eight-year state sentence, was unreasonable. The record reflects that the district court considered the § 3553(a) factors and Simmons's arguments in mitigation, including his history of mental health issues and drug addiction, his need to care for his young family and the fact that he committed no new offenses since his 2010 sentencing on the federal fraud charge. See United States v. Scott,

---

[5]Simmons committed the instant failure-to-surrender offense before he was convicted on July 7, 2011 of the Florida (2009 failure to return a leased vehicle) offense. And, the undischarged eight-year state prison term resulted from conduct unrelated to the instant offense. Thus, subsection (c) of U.S.S.G. § 5G1.3 was the applicable subsection.

426 F.3d 1324, 1329 (11th Cir. 2005) (explaining that district court is not required to explicitly consider each of the factors). Although Simmons suggests his eight-year state sentence was too severe "for a relatively minor offense," it resulted from his status under Florida law as a habitual felony offender. Indeed, Simmons's criminal history was extensive and included a history of failing to appear for court proceedings. Further, Simmons's conduct in the state offense was not relevant conduct in his federal offense. Thus, the preference for consecutive sentences in separate criminal cases militated in favor of consecutive terms. Under the factual circumstances of this case, we cannot say the district court abused its discretion by running Simmons's 21-month federal sentence consecutive to his eight-year state court sentence.

**AFFIRMED.**