[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15115
Non-Argument Calendar

_____

D.C. Docket No. 0:15-cr-60043-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS ALBERTO NARANJO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 21, 2016)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2), Luis Alberto Naranjo appeals his 60-month sentence, imposed below the advisory guidelines range of 77 to 96 months.  On appeal, Naranjo argues that his 60-month sentence is substantively unreasonable because it was ordered to run consecutive to an undischarged Florida state sentence.  After review, we affirm.

## I.  FACTUAL BACKGROUND

### A.    Naranjo's Removal, Illegal Reentry, and State Sentence

Naranjo, a native and citizen of Venezuela, was brought to the United States as a child and grew up in Florida.  At 18, Naranjo began what would become a long criminal history that included state convictions for, inter alia, trespassing, grand theft, fleeing and eluding police officers, cannabis possession, burglary of an occupied structure, battery on a law enforcement officer, and resisting arrest with violence, all before he was 27.

In 2001, at 27, Naranjo was arrested for fleeing and eluding police by vehicle, marijuana possession, and driving on a suspended or revoked license.  On April 22, 2002, Naranjo was found guilty as charged.  In addition, his probation was revoked for several of his earlier convictions for grand theft, burglary, and battery on a law enforcement officer.  Naranjo was sentenced in each case to concurrent 40-month prison terms.

While Naranjo was incarcerated, immigration officials filed a detainer and began removal proceedings. On July 8, 2004, Naranjo was removed to Venezuela.

At some point, Naranjo returned to the United States. On January 8, 2009, Naranjo was again arrested in Florida. This time, Naranjo was charged in state court under the name John Caldwell and pled no contest to resisting an officer with violence, unlawful use of a false name or identity, and operating without a valid license. The state court sentenced Naranjo to 5 years' imprisonment and ordered him to surrender by May 28, 2009, at which time his sentence would be reduced to 29.8 months. When Naranjo absconded, the state court issued a warrant for his arrest.

On April 29, 2011, law enforcement in Broward County, Florida received a tip that Naranjo was residing in that county and began an investigation. On May 23, 2011, Naranjo was traced to a hotel, where he was arrested on June 15, 2011. After Naranjo was fingerprinted, law enforcement learned his true identity and that he had previously been deported in 2004. On July 6, 2011, Naranjo began serving his 5-year sentence on his April 29, 2009 state convictions.

## B.   Naranjo's Federal Sentencing

In March 2015, Naranjo was indicted in federal court on the instant illegal reentry offense, to which he pled guilty. At the October 2015 sentencing hearing, the district court overruled Naranjo's objections to the presentence investigation

3

report ("PSI"), and Naranjo does not challenge those rulings on appeal. The district court calculated a total offense level of 21, which included a 16-level increase, under U.S.S.G. § 2L1.2(b)(1)(A)(ii), because Naranjo was removed after a 2000 conviction for resisting an officer with violence. With a criminal history category of VI, Naranjo's advisory guidelines range was 77 to 96 months.

Naranjo requested a 77-month sentence, but asked the district court "to deduct" the 52 months Naranjo had already served in state prison for his 2009 state convictions, such that Naranjo would serve only 25 months in federal prison. After stating that it had considered the parties' statements, the PSI, and the 18 U.S.C. § 3553(a) factors, the district court imposed a 60-month sentence, a downward variance of 17 months. The district court ordered the sentence to run consecutively to Naranjo's undischarged Florida state sentence on his 2009 convictions.

## II. DISCUSSION

We review the reasonableness of a sentence using a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591, (2007). In reviewing sentences for reasonableness, we determine, first, whether the district court committed any significant procedural error, and then whether the sentence was "substantively reasonable under the totality of the circumstances." United States v. Turner, 626 F.3d 566, 573 (11th Cir. 2010).[1] The defendant bears

---

[1]Naranjo does not raise any procedural error with respect to his sentence.

the burden to show his sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008).[2]  The abuse of discretion standard "allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment."  United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted).

"[A] federal court is authorized to impose a federal sentence consecutive to a state sentence."  United States v. Ballard, 6 F.3d 1502, 1506 (11th Cir. 1993).  Our review as to "the appropriateness of a consecutive sentence" is for an abuse of discretion.  United States v. Andrews, 330 F.3d 1305, 1307 (11th Cir. 2003); see also United States v. Covington, 565 F.3d 1336, 1346 (11th Cir. 2009).

Under 18 U.S.C. § 3584, "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment," the district court has the discretion to run the prison term "concurrently or consecutively."  18 U.S.C. § 3584(a).  Further, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms

---

[2]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

are to run concurrently." Id.  In deciding whether to impose a concurrent or consecutive term, § 3584 requires the district court to "consider, as to each offense for which a term of imprisonment is being imposed," the § 3553(a) factors. Id. § 3584(b).

Likewise, the Sentencing Guidelines authorize consecutive sentences. Under U.S.S.G. § 5G1.3, if the instant offense is committed while the defendant is serving, or has been sentenced to, a term of imprisonment, the Guidelines call for a consecutive sentence. See U.S.S.G. § 5G1.3(a).  Otherwise, "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(d).  Both 18 U.S.C. § 3584 and U.S.S.G. § 5G1.3 "evince a preference for consecutive sentences when imprisonment terms are imposed at different times." Ballard, 6 F.3d at 1506.

Here, Naranjo has not shown that his 60-month sentence, ordered to run consecutive to his undischarged 5-year state sentence, was unreasonable.  The record reflects that the district court considered the § 3553(a) factors and Naranjo's arguments in mitigation before ordering that Naranjo's federal sentence be served consecutive to his undischarged state sentence. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (explaining that the district court is not required

to explicitly consider each sentencing factor).  Given the general preference for consecutive sentences in different criminal cases and Naranjo's extensive criminal history, we cannot say the district court's decision to impose a sentence consecutive to Naranjo's state sentence was an abuse of discretion.

Naranjo argues that the district court's decision gave too much weight to his 2009 resisting with violence conviction, but this Court does not reweigh the § 3553(a) factors absent clear error.  See United States v. Langston, 590 F.3d 1226, 1237 (11th Cir. 2009).  Further, there is no merit to Naranjo's claim that his 2009 resisting with violence conviction was "the engine driving" the 16-level increase in his offense level under § 2L1.2.  Naranjo's 16-level guidelines enhancement was based on his 2000, pre-removal conviction for resisting with violence, not his 2009, post-removal conviction.

There is also no merit to Naranjo's argument that running his federal sentence consecutive to his state sentence doubles his time in prison for his 2009 resisting with violence conviction.  Naranjo's federal 60-month sentence is for the separate offense of illegal reentry and addresses different societal harms than Naranjo's 60-month state sentence for resisting an officer with violence.

In sum, under the factual circumstances of this case, Naranjo has not shown the district court abused its discretion by running Naranjo's 60-month federal sentence consecutive to his 5-year state sentence.

**AFFIRMED.**