[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16559
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00246-WSD-AJB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCO CESAR PRECIADO-ROJAS,
a.k.a. Joel Fontanez-Martinez,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 6, 2013)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Marco Preciado-Rojas appeals his 62-month sentence, imposed within the guideline range after he pleaded guilty to being a previously deported alien who unlawfully re-entered the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2).  At the time of sentencing, state charges were pending against Preciado-Rojas in Cobb County, Georgia, for burglary, armed robbery, false imprisonment, kidnapping, and conspiracy, and Preciado-Rojas had been transferred to federal custody under a writ of habeas corpus ad prosequendum.

On appeal, Preciado-Rojas first contends that his sentence is substantively unreasonable because it was greater than necessary in light of the 18 U.S.C. § 3553(a) sentencing factors, particularly his life history and the mitigating circumstances of his re-entry offense.  Moreover, he asserts that the district court at sentencing sustained his objection to the presentence investigation report's factual account of his pending Cobb County charges and ruled that it would not consider that information, but then mentioned those facts in justifying the sentence it imposed.  Second, Preciado-Rojas argues that the district court erred by denying his request to order that his federal sentence run concurrently with a potential future state sentence on the Cobb County charges.  Preciado-Rojas argues that, because he was in federal court on a writ of habeas corpus ad prosequendum, his federal sentence will necessarily run consecutively to any state sentence absent an order that the federal sentence run concurrently and that this is unreasonable given

2

the same § 3553(a) factors that he claims make his 62-month sentence unreasonable.

After review of the record on appeal and after consideration of the parties' appellate briefs, we affirm.

I.

We review the reasonableness of sentences under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). A sentence must be both procedurally and substantively reasonable, id., though only the latter is at issue in this appeal. We examine whether or not the sentence was substantively reasonable in light of the totality of the circumstances. Id. "We may set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." United States v. Irey, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc).

The district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), namely the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). In

3

imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, any pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  Id. § 3553(a)(1), (3)-(7).

Although in choosing a sentence the district court must consider the § 3553(a) factors, the district court is not required to address each factor separately or to state that a particular factor is not applicable.  United States v. Bonilla, 463 F.3d 1176, 1182 (11th Cir. 2006).  Rather, an acknowledgement that the district court has considered the defendant's arguments and the factors generally will suffice.  See United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005).  Moreover, the weight given to each § 3553(a) factor is "a matter committed to the sound discretion of the district court."  United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).

"The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors."  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010) (citing United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006)).  We reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in

4

weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Irey, 612 F.3d at 1190 (quoting United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008)).  Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable.  United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).  That a sentence imposed is well below the statutory maximum penalty also indicates that the sentence is reasonable.  See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

Preciado-Rojas has not shown that his within-guidelines sentence is substantively unreasonable.  The district court imposed upon Preciado-Rojas a sentence of 62 months, which is in the lower half of the advisory guideline range of 57 to 71 months and well below the statutory maximum penalty of 20 years. The district court explained that it had considered the § 3553(a) factors and specifically noted the serious nature of Preciado-Rojas's past crimes of "invading the sanctuary of people's homes," and the need for him and others to be deterred from illegally re-entering the country.[1]  The district court considered Preciado-Rojas's argument that he should receive a lighter sentence because of his

---

[1]    In addition to Preciado-Rojas's two prior convictions for burglary of a habitation, he had been previously convicted of criminal trespass and unlawfully carrying a weapon.  He had also already been deported twice.

5

impoverished upbringing in Colombia and the circumstances that led him to flee his home country, and did not act unreasonably in rejecting it.

Preciado-Rojas's claim that the district court erred in considering his pending state arrests is also without merit. Because he did not raise this objection below, we review for plain error. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). "For this Court to correct plain error: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights." Id. (quoting United States v. Stevenson, 68 F.3d 1292, 1294 (11th Cir. 1995)).

Preciado-Rojas points to two instances during the sentencing hearing where the district court referred to the pending state charges against Preciado-Rojas as being similar to his prior criminal conduct. However, Preciado-Rojas points to nothing in the record indicating that the district court relied on these pending charges in crafting its sentence. Indeed, the record reflects that the district court did not rely on the charges in its sentencing decision. The district court sustained Preciado-Rojas's objection to the presentence investigation report in regard to the pending state charges and explicitly stated that it would not consider the arrests in its sentencing determination. The charges were not considered in calculating the guideline range for his sentence. Furthermore, when defense counsel began to argue that Preciado-Rojas would succeed against the pending charges, the district court corrected counsel and explained that it had been considering only his past

convictions in discussing the serious nature of his criminal conduct.  We see no error, let alone plain error.

Preciado-Rojas has not shown plain error, nor has he shown that his sentence is substantively unreasonable.

## II.

The Supreme Court has held that a district court "has authority to order that the federal sentence be consecutive to an anticipated state sentence that has not yet been imposed."  Setser, ___ U.S. ___, ___, 132 S. Ct. 1463, 1466, 1473 (2012); see also United States v. Ballard, 6 F.3d 1502, 1507-10 (11th Cir. 1993); United States v. Andrews, 330 F.3d 1305, 1307 (11th Cir. 2003).  We review the reasonableness of such determinations under the abuse of discretion standard.  See Andrews, 330 F.3d at 1307 (applying abuse of discretion standard).  The district court's discretion is "tempered" by the requirement that it consider the § 3553(a) factors.  Ballard, 6 F.3d at 1505.

The Sentencing Reform Act of 1984, 18 U.S.C. § 3584, addresses the "concurrent-vs.-consecutive decision" faced by a district court but does not address the situation raised here, where a "state sentence is not imposed at the same time as the federal sentence, and the defendant was not already subject to that state sentence."[2]  Setser, 132 S. Ct. at 1467.  The Sentencing Guidelines promulgated by

---

[2]    Section 3584 provides:

the Sentencing Commission also address when concurrent or consecutive sentences should be imposed, but similarly do not address the instant situation.  See U.S.S.G. § 5G1.3.[3]  We have stated, however, that "[t]he statute and the analogous Sentencing Guidelines evince a preference for consecutive sentences when imprisonment terms are imposed at different times."  Ballard, 6 F.3d at 1506.

The district court did not act unreasonably when it denied Preciado-Rojas's request to order that his federal sentence run concurrently with any possible sentence for the pending state charges.  As discussed above, the district court stated in imposing its sentence that it had considered all factors under § 3553(a).  The district court further noted that the federal and state crimes were "entirely different crimes, and for two types of different conduct."  The district court then declined to affirmatively order that the federal sentence be served concurrently to a sentence

---

If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a).

[3]     For example, the Sentencing Guidelines provide that:
[i]f the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(a).

8

"that might not ever exist."[4]  In doing so, the district court did not abuse its discretion.

Preciado-Rojas has not shown that the district court's sentencing decisions were substantively unreasonable.

AFFIRMED.

---

[4]    In <u>Setser</u>, the Supreme Court noted that a district court is not required to exercise its authority to order that a federal sentence run consecutively or concurrently to a possible state sentence.  <u>Setser</u>, 132 S. Ct. at 1472 n. 6 ("Of course, a district court should exercise the power to impose anticipatory consecutive (or concurrent) sentences intelligently.  In some situations, a district court may have inadequate information and may forbear, but in other situations, that will not be the case.").

9